IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | Criminal Case **3:17-CR-155-L** |
| | § | |
| **JAMSHID NORYIAN (01)** | § | |
| **DEHSHID NOURIAN (02)** | § | |
| **CHRISTOPHER RYDBERG (03)** | § | |
| **MICHAEL TABA (07)** | § | |

**ORDER**

In its October 14, 2022 order, the court indicated that it was taking under advisement the Government's Motion in Limine with respect to its seventh request—"Consideration of Possible Sentencing Guidelines for Cooperating Witnesses"—and the parties' disagreement as to whether Defendants should be permitted to question cooperating witnesses regarding potential minimum and maximum sentences under the Sentencing Guidelines. After reviewing the legal authority cited by the parties and considering their respective arguments, the court **grants in part and denies in part** this request.

The request is **granted to the extent** that Defendants must not cross-examine witnesses or discuss in the presence of the jury *the mechanics of how a potential sentence of a cooperating witness might be calculated under the advisory Sentencing Guidelines*. The mechanics of how the advisory Sentencing Guidelines are calculated in any given case are often complicated and confusing for even experienced legal professionals and would likely confuse jurors and cause the witness to speculate in response to such questions.

The request is also **granted to the extent** that Defendants must not cross-examine witnesses or discuss in the presence of the jury *any potential sentence that Defendants might receive if convicted*, as this too would serve only to confuse jurors about matters that they will not

be required to decide in determining their innocence or guilt, and the potential bias of a cooperating witness can be developed and established without discussing or speculating about the sentences that Defendants themselves might receive if convicted. The request by the Government is **denied in all other respects**.

*In light of this ruling, the parties shall not introduce evidence, argue, or elicit testimony regarding any matters that the court has determined should be excluded. If, during the course of the trial, any party believes that—opposing counsel has "opened the door" to previously excluded evidence or evidence has been developed that supports a prior argument regarding the exclusion or admission of evidence—the party may ask to approach the bench, request the court to revisit the issue, and obtain a ruling from the court.*

**It is so ordered** this 17th day of October, 2022.

Sam A. Lindsay
United States District Judge