IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Case **3:17-CR-155-L** |
| | § | |
| **JAMSHID NORYIAN (01)** | § | |
| **DEHSHID NOURIAN (02)** | § | |
| **CHRISTOPHER RYDBERG (03)** | § | |
| **MICHAEL TABA (07)** | § | |

## ORDER

Before the court is the Government's Opposed Motion for Leave to File Supplemental Briefing on Motion in Limine No. 4 to Preclude Evidence or Argument Regarding Its Decision Not to Charge an Individual (Doc. 460), filed October 17, 2022. For the reasons that follow, the Motion for Leave (Doc. 460) is **denied as moot**.

The Government asserts that it seeks leave for the following reason:

> After the Government submitted its omnibus motions in limine on September 27, 2022, the Court dismissed two individuals in this matter, Ashraf Mofid and Leyla Nourian. (Dkt. 432, 433.) At the pretrial conference as to the remaining four defendants on October 13, 2022, defense counsel for Defendant Taba raised, for the first time, his intention to introduce evidence and/or argument at trial regarding the dismissal of Ashraf Mofid and Leyla Nourian. Accordingly, the Government did not have reason to request this relief until defense counsel raised this issue at the pretrial conference. For reasons discussed in the attached supplemental brief, the United States respectfully requests that the Court preclude any potential testimony or argument regarding the dismissal of Ashraf Mofid and Leyla Nourian as inappropriate, irrelevant, and highly prejudicial under Federal Rule of Evidence 403.

Gov't Mot. for Leave 1 (Doc. 460).

The Government's decision *to move to dismiss the charges* against Ashraf Mofid and Leyla Nourian on October 11, 2022, the circumstances surrounding that decision, and the timing of that decision do not fall within the Government's prior Motion in Limine No. 4 to preclude evidence

or argument regarding "The Government's Decision *Not to Charge an Individual*" (Doc. 391) (emphasis added). Consequently, the briefing it seeks to file would not *supplement* issue No. 4.

Moreover, while the Government asserts that it "did not have reason to request this relief until defense counsel raised th[e] issue at the [October 13, 2022] pretrial conference," it does not argue that it could not have reasonably anticipated that the dismissal of the charges against Ashraf Mofid and Leyla Nourian might cause the remaining trial Defendants to question its motives or conduct given the late timing of the dismissals. As indicated during the pretrial conference, even the court was surprised by this sudden turn of events on the eve trial because the case had been pending for more than five years. Additionally, although the Government did not move to dismiss the charges against Ashraf Mofid and Leyla Nourian until October 11, 2022, it does not state when it first became aware that the dismissal of these Defendants was likely. Further, instead of seeking a ruling during the pretrial conference when Defendant Taba expressed frustration about the dismissal of Ashraf Mofid and Leyla Nourian, the Government waited another four days until 5 p.m. on the day before commencement of the trial to file its current motion for leave. Consequently, the court is not convinced that good cause exists for this untimely request.

In any event, the court previously ruled—with respect to issue No. 6 in the Government's Motion in Limine (Doc. 391) "Any Suggestion that a Prosecutor or Agent Engaged in Misconduct"—that Defendants would not be allowed to introduce evidence, argue, or elicit testimony regarding "prosecutor misconduct" or any matters that the court determined should be excluded as a result of its rulings on the parties' motions in limine. **This prior ruling encompasses the Government's current concern about defense counsel arguing in front of the jury that it unnecessarily or unreasonably delayed in dismissing the charges against Ashraf Mofid and**

**Leyla Nourian such that no additional ruling is necessary.** Accordingly, the Government's Motion for Leave (Doc. 460) is **denied as moot.**

**It is so ordered** this 19th day of October, 2022.

Sam A. Lindsay
United States District Judge