IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | Criminal Case **3:17-CR-155-L** |
| § | |
| **JAMSHID NORYIAN (01)** § | |
| **DEHSHID NOURIAN (02)** § | |
| **CHRISTOPHER RYDBERG (03)** § | |
| **MICHAEL TABA (07)** § | |

## MEMORANDUM OPINION AND ORDER

During the status conference on November 21, 2022, Defendants Jamshid Noryian, Dehshid Nourian, Christopher Rydberg, and Michael Taba ("Defendants") orally moved the court to declare a mistrial in light of the delay of thirty-two days or more that would result before the trial could recommence after one of the defense attorneys underwent an emergency medical procedure. In the status conference and the subsequent briefing filed by the parties on November 25, 2022 (Docs. 503, 504), the defense reurged its request for a mistrial, and Government expressed its opposition to a mistrial. For the reasons that follow, the court **grants** Defendants' oral and written requests for a mistrial (Doc. 504).

On October 19, 2022, a jury was impaneled in this multi-defendant healthcare fraud case, and the Government began to present its evidence and witnesses the next day. The Government presented its case in chief for six days from October 20 through October 28, 2022,[*] before the court was notified on October 31, 2022, that Defendant Noryian's attorney had a medical emergency that required immediate attention. Defendant Noryian's attorney requested and was granted a seven-day continuance of the trial, and subsequently kept the court apprised of his

---

[*] Trial was not conducted on Mondays (or weekends) to allow the court to handle its criminal docket, and to allow the attorneys time to tend to other necessary legal matters associated with their law practices.

**Memorandum Opinion and Order – Page 1**

medical condition and ability to resume his representation of Mr. Noryian in the trial of this case. More time than anticipated was needed for his recovery from his surgery, and the court had already told the attorneys and the jurors during jury selection that the trial would not be conducted during the week of Thanksgiving. As a result, the trial could not resume before November 28, 2022. Concerned about the prolonged delay, the court scheduled a status conference with the parties and their attorneys on November 21, 2022, to determine how the case should proceed.

During the status conference, the Government proposed ways to speed up the remaining trial proceedings. To assist in refreshing the jurors' memories, the Government also suggested that the jurors be provided with the names of witnesses who had testified to date and their job titles, as well as a review of the offenses charged. The Government represented that it could finish putting on its case-in-chief in one week.

Defendants anticipated that they would need two to three weeks total to put on their respective defenses. They also expressed concern as to whether jurors would be able to recall key testimony and evidence. In addition, because jurors were told during jury selection that the trial was expected to be finished by the first week of December, Defendants were concerned that jurors would be distracted, rush their deliberations, and hold the delay against them if the trial continued up until or after breaking again for the Christmas and New Year holidays. Defendants disagreed that the Government's suggestions could cure the likely prejudice to them if a mistrial was not granted, and they argued that disagreement over what information would be provided to refresh jurors' memories would only further delay the trial. For these reasons, Defendants expressed, individually under oath and through counsel, their unanimous agreement and request for the court to declare a mistrial.

The court indicated that, before ruling on the matter, it would poll the jurors in the presence of the parties and their counsel. At the Government's request, the court also allowed the parties to brief their respective positions of whether a mistrial was warranted. The parties' briefs reurged and expanded slightly as to the arguments that were made during the status conference. On November 29, 2022, the court conducted a hearing to poll the jurors. Because of the time lapse, the jurors who took notes indicated that they would have to rely more on their notes rather than their memories and independent ability to recall the evidence presented before the 32-day break. After considering the parties' oral and written arguments, the jurors' answers to various questions posed by the undersigned, the record, and applicable law, the court determines that a mistrial is warranted in this case.

The power of a court to order mistrial "ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *United States v. Conlan*, 786 F.3d 380, 392 (5th Cir. 2015). "When a defendant does not consent to a mistrial, the [Double Jeopardy] Clause permits reprosecution only if there was manifest necessity for the mistrial." *United States v. Fisher*, 624 F.3d 713, 718 (5th Cir. 2010) (emphasis added) (citing *Arizona v. Washington*, 434 U.S. 497, 505 (1978)). There is no double jeopardy concern, however, when a defendant consents to a mistrial. *Downum v. United States*, 372 U.S. 734, 738 (1963). Thus, when a mistrial is declared at the request of a defendant, jeopardy continues, and retrial is generally allowed because in such circumstances the defendant consents to a disposition that contemplates reprosecution. *Evans v. Michigan*, 133 S. Ct. 1069, 1079 (2013).

Here, Defendants, individually and through their counsel, expressly waived their double jeopardy protections in requesting and consenting to a mistrial before a verdict was reached. Consequently, a finding of manifest necessity is not required for the court to order a mistrial in

this case. *See Downum*, 372 U.S. at 738; *see also Blueford v. Arkansas*, 566 U.S. 599, 610-11 (2012) (Sotomayor, J., dissenting) ("[A] trial judge may not defeat a defendant's entitlement to 'the verdict of a tribunal he might believe to be favorably disposed to his fate' by declaring a mistrial before deliberations end, ***absent a defendant's consent or*** a 'manifest necessity' to do so.") (emphasis added) (quoting *United States v. Jorn*, 400 U.S. 470, 485 (1971), which explained that, i*n the absence of a defendant's consent or motion for mistrial by the defendant*, the trial court is bound by and must apply "the doctrine of manifest necessity" in exercising its discretion to declare a mistrial) (plurality opinion)).

Based on *United States v. Thomas*, 627 F.3d 146 (5th Cir. 2010), the Government contends that, "[t]o warrant a mistrial, 'the defendant bears the burden of showing specific and compelling prejudice that [would] result[] in an unfair trial, and such prejudice must be of a type that against which the trial court [is] unable to afford protection.'" Govt. Br. 3 (quoting *Thomas*, 627 F.3d at 157). The Government further contends that Defendants have not carried their "heavy burden." The authority relied on by the Government does not persuade the court that the standard advocated by it applies to the issue of whether a mistrial should be granted in this case, particularly given Defendants' request for a mistrial and unanimous consent.

Moreover, the quoted language from *Thomas* is taken out of context. *Thomas* involved an appeal by a defendant regarding the denial of his motion to sever *and* motion for mistrial, which were addressed separately. *Id.* at 157-58. The language quoted by the Government pertains to the Fifth Circuit's discussion in *Thomas* regarding the district court's denial of the defendant's motion for severance. *Id.* at 157.

Further, the court shares Defendants' serious concern about the jurors' ability to independently recall key testimony and evidence without relying heavily on their prior notetaking.

**Memorandum Opinion and Order – Page 4**

Given the jurors' responses to the court's questions in this regard, the inclusion of a jury instruction in the charge that jurors should not place too much reliance on their notes would be unavailing. Specifically, when the court polled the jury and three alternates, nine stated that they would rely more on their notes than their independent recollection or memory if they could not recall a piece of evidence or the testimony of a witness.  Such position is in conflict with the court's instructions that jurors' notes are only an aid to their memories and cannot be substituted for their memory or independent recollection of the evidence. Common sense and reason necessarily cause a person to reasonably conclude that memories fade significantly after a 32-day gap in a trial.

Additionally, while the schedules and personal conflicts of the jurors are not dispositive when considering whether to grant a mistrial, the court agrees with Defendants that some jurors, particularly those that did not wish to be on the jury in the first place because of personal and work-related conflicts, would likely be distracted and inclined to rush their deliberations if the trial continued up until or after the holidays.  The court, therefore, determines that Defendants would be legally prejudiced if their request for a mistrial was not granted.

For all of these reasons and those discussed on the record when this issue was addressed, the court **grants** Defendants' oral and written requests for a mistrial (Doc. 504).  The trial of this case will be reset by separate order to a later date based on the parties' availability and the court's current trial docket.

**It is so ordered** this 19th day of December, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**