IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Case **3:17-CR-155-L** |
| | § | |
| **JAMSHID NORYIAN (01)** | § | |
| **DEHSHID NOURIAN (02)** | § | |
| **CHRISTOPHER RYDBERG (03)** | § | |
| **MICHAEL TABA (07)** | § | |

## ORDER

Before the court is Defendant Taba's Amended Motion for Continuance of Trial and Pretrial Materials Deadlines ("Motion") (Doc. 545), filed August 8, 2023, in which he requests a 30-day continuance of the trial setting and all deadlines for filing pretrial materials. The Motion is opposed by the Government, which filed a response. Defendant Taba's three trial Codefendants also oppose a thirty-day continuance, and two of these trial Codefendants oppose any continuance. The court **denies** the Motion (Doc. 545) for the reasons that follow.

In *United States v. Lewis*, the Fifth Circuit explained that:

> [f]actors to be considered where a party complains of inadequate preparation time include: (1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case.

476 F.3d 369, 387 (5th Cir. 2007) (citing *United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995)).

Here, Defendant Taba contends that his two new attorneys, who substituted in as his counsel on May 26, 2023, have not had sufficient time to prepare for the trial set for September 11, 2023, or prepare pretrial materials that are due starting on August 14, 2023. He asserts that additional time is needed because, after a mistrial was declared in the first trial in December 2022

Order – Page 1

through no fault of his own, a fee agreement dispute arose between him and his former counsel that lasted the first three months of 2023, which delayed communications and his preparation for the upcoming September trial. He further asserts that, while his new attorneys have had "three months to prepare for a complex healthcare fraud trial that includes four defendants, two discharged defendants, one cooperating defendant, and one deceased defendant[,] . . . counsel only has two months to review all the discovery in this case, roughly 155 GB of evidence." Mot. 2.

In addition, he contends that his "[c]ounsel has taken advantage of every minute of time available, however, more time is needed to effectively prepare for trial" because, "[w]hile the prosecution was very generous and expeditious in providing the defense with the discovery, there [were] a few weeks of a delay in receiving the discovery (June 12 to June 29, 2023)." *Id.* at 2-3. Defendant Taba, therefore, argues that "cause exists due to a fee agreement dispute with Dr. Taba's prior counsel that caused a significant delay in communications and trial preparations." *Id.* at 2-3.

Defendant Taba further asserts that he will be prejudiced if his Motion is denied because: "it is not feasible for counsel to review every bit of discovery to ensure that the defense's exhibit list contains all the exhibits necessary for an adequate defense of this case. The same goes for the defense's witness list." *Id.* at 2-3. Additionally, he contends that "there is a high likelihood of prejudice in denying the motion to continue due to the limited time current counsel has to review the voluminous discovery and effectively prepare for trial." *Id.* at 3.

The court agrees that this is a complex healthcare fraud case that involves extensive discovery and four of the Defendants in this case, including Defendant Taba, have elected to proceed to trial. The case, however, has been pending more than six years and is currently the oldest case on the court's criminal docket. While Defendant Taba is not to blame for the prior mistrial, he certainly did not oppose it. Instead, all four trial Defendants moved for a mistrial. *See* Docs. 504, 512. When questioned, all four of the individual trial Defendants and their counsel

Order – Page 2

also expressly represented on the record their lack of opposition to the court declaring a mistrial in light of the delay in the trial proceedings and a majority of the jurors' inability to recall evidence and testimony without heavy reliance on their notes. Doc. 512.

Moreover, Defendant Taba has been represented by a total of nine attorneys in this case at various times, and his current attorneys were aware when they agreed to represent him that the trial and related deadlines would not be continued absent exceptional circumstances or good cause. Doc. 540. Defendant Taba argues that "cause" exists for the requested continuances. The court is not convinced, however, that his decision to retain new counsel three months before the September 11, 2023 trial setting, which was set in December 2022 (Doc. 515), qualifies as good cause or an exceptional circumstance beyond his control.

When the court set the new trial date, existing counsel and any new counsel for the Government and the trial Defendants were put on notice of this date. Doc. 515. When the parties were directed to confer and advise the court regarding a date that they were all available for a pretrial conference, the Government and the four trial Defendants filed a Notice of Availability on July 12, 2023, advising the court that they were all available on September 7, 2023. Doc. 537. The court, therefore, entered an Amended Scheduling Order on July 21, 2023 (Doc. 540), scheduling the pretrial conference for this date and other pretrial deadlines.

Defendant Taba does not explain why he waited seventeen days after entry of this order before seeking leave on August 8, 2023, to file his current Motion less than seven days before the first pretrial deadline; nor does he explain why his new counsel previously advised the court of their availability for a pretrial conference on September 7, 2023, without any mention that a motion for continuance might follow. Surely, Defendant Taba's new attorneys did not discover for the first time on August 8, 2023, when they filed his motion for leave at 1 a.m. in the morning, that they would need a continuance.

Order – Page 3

Additionally, as noted by the Government, its lack of opposition to Defendant Taba's retaining new counsel was conditioned on no continuance being sought by Defendant Taba because of his obtaining new counsel. Doc. 528 at 2 (Certificate of Conference). Likewise, the court's decision to grant the motions by Defendant Taba's former and new counsel for withdrawal and substitution was based on the Government's lack of opposition to the motions, and what appeared to be an acknowledgement by Defendant Taba that no continuances would be sought on this ground. *Id.*; *see also* Doc. 533. The court also agrees with the Government that Defendant Taba's shifting reasons for needing a continuance undermine his Motion.

Further, there is no indication that the Government is responsible for any difficulties Defendant Taba's new counsel had in obtaining discovery. Instead, Defendant Taba acknowledges that this was not the case. According to the Government's response, it reproduced all discovery to his new counsel upon request when they were unable to obtain it from his prior counsel and made all physical evidence available for review, which was reviewed by his new counsel.

Although Defendant Taba's Motion asserts that his new attorneys have "taken advantage of every minute of time available . . . to effectively prepare for trial" and includes some details in this regard, the Motion does not state that his new attorneys were unaware of the breadth, scope, or complexity of the issues in this case or discovery before they agreed to represent him. Defendant Taba's assertion regarding prejudice is also conclusory. Except for one Codefendant, the Government and Defendant Taba's remaining Codefendants all have new counsel, and none has complained about inadequate time to prepare for trial despite similar constraints.[*]

---

[*] Defendant Jamshid Noryian has the same original counsel, and only one attorney for the Government has withdrawn as counsel in this case, but new attorneys for both have filed notices of appearances in this case since December 2022. In all, ten notices of appearances by new attorneys for the four trial Defendants and the Government have been filed, including those filed by Defendant Taba's two new attorneys.

**Order – Page 4**

In *United States v. Lewis*, the Fifth Circuit declined to order a new trial based on the district court's denial of one defendant's motion for a trial continuance even though the defendant's counsel was only appointed *ten days* before the trial of a case that was "complex" and "involved ten defendants, even more witnesses, and voluminous discovery." 476 F.3d at 387. Like the defendant in *Lewis*, Defendant Taba has not demonstrated that he would suffer legal or undue prejudice if the trial and pretrial materials deadlines are not continued. *Id.* Accordingly, for this and the other reasons herein explained, consideration of the factors articulated in *Lewis* does not support the requested continuance based on Defendant Taba's argument regarding inadequate preparation time. The court, therefore, **denies** his Motion (Doc. 545) and requested continuances of the trial and pretrial materials deadlines.

**It is so ordered** this 11th day of August, 2023.

Sam A. Lindsay
United States District Judge