IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § |
| VS. | §    Case No. 3:17-CR-155-L <br> § |
| JAMSHID NORYIAN (01) <br> DEHSHID NOURIAN (02) <br> CHRISTOPHER RYDBERG (03) | § <br> § <br> § <br> § <br> § |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Pursuant to the Court's Scheduling Order (Dkt. 289), Defendants Jamshid ("James") Noryian, Dehshid ("David") Nourian, and Christopher Rydberg jointly and respectfully request that the Court ask the following questions of the jury panel:

### PROCEDURAL REQUESTS

1. Request for follow up questions and appropriate protection.

    A. If a question evokes a positive response from panel members, Defendants request they be allowed to ask appropriate follow up questions to ascertain whether those panel members can be fair and impartial, or in the alternative the Court ask such follow-up questions.

    B. Defendants further request that once a panel member indicates that he or she may not be impartial, that further questioning of that panel member by the Court and Counsel take place out of the presence of the other panel members.

### GENERAL QUESTIONS FOR THE PANEL

2. Please state a little about yourselves:

    A. Your name;

    B. The area of town in which you live;

      C.      Your marital status (whether married, single, widowed or divorced);

      D.      Your occupation (if retired, your previous occupation);

      E.      The number of employees you supervise in your occupation;

      F.      Your spouse's (or former spouse's) or partner's occupation or previous occupation;

      G.      The ages and occupations of your children.

3. Have you or your spouse or partner ever served or worked for the government? If yes:

      A.      What department?

      B.      When?

      C.      What was your position?

4. Have you or your spouse or partner ever served or worked for the military? If yes:

      A.      What branch?

      B.      When?

      C.      What was your position?

5. How often do you attend religious services?

6. Have you ever run for political office? If yes, which one?

7. How often do you read magazines, newspapers, blogs, or internet material dealing with the health care industry?

8. What television newscasts do you usually watch?

9. How many hours per week do you spend on the Internet?

10. Do you have a Facebook, Twitter, Instagram, YouTube, LinkedIn, or any similar social media account?

11. How long have you resided in the Dallas Division of the Northern District of Texas (Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, or Rockwall County)?

## KNOWLEDGE ABOUT THE PARTIES OR THE CASE

12. Do you know the Honorable Sam Lindsay, the presiding judge in this case?

13. Do you know the Defendants in this case, or any member of the Defendants' family?

    A. If so, please state, to the best of your ability, how, or under what circumstances, you, a member of your family, or one of your close friends knows the Defendants or any member of the Defendants' family.

    B. If you, any member of your family or any close friend knows any Defendant or any member of the Defendants' family, is there anything about this experience which would influence you for or against the Defendant?

    C. Is there anything because of any connections you may have had with a Defendant or any member of the Defendants' family that would affect your ability to be fair and objective towards either the government or the Defendants in your consideration of the evidence in this case?

14. Do you or any member of your family or close friend, to the best of your knowledge, know the prosecutors in this case?

15. Do you know any others who work, or have worked, in the United States Attorney's Office?

16. Do you know the investigating agents in this case?

17. Is there any member of the panel who is now employed by or associated with any office or agency of the United States government?

18. Is there any member of the panel who now has any business or contractual relationship with any office or agency of the United States government or who has ever had any business or contractual relationship with any office or agency of the United States government?

19. Is there any member of the panel who has a relative or a close personal friend who is now or who has ever been employed by or associated with any office or agency of the United States government?

20. Is anyone here a current or former employee of the federal government, or know someone who is?

21. Have you, or anyone you know, ever worked for the Federal Bureau of Investigation?

22. Have you, or anyone you know, ever worked for the United States Postal Service Office of the Investigator General?

23. Have you, or anyone you know, ever worked for the Veterans Affairs Office of the Investigator General?

24. Have you, or anyone you know, ever worked for the Internal Revenue Service?

25. Have you, or anyone you know, ever worked for the Defense Criminal Investigative Service?

26. Have you, or anyone you know, ever worked for the Department of Labor?

27. Have you, or anyone you know, ever worked for the Food and Drug Administration?

28. Has anyone been a recipient of health care coverage from a federal health care program such as the Federal Employee's Compensation Act or Medicare?

29. Would you be inclined to believe the testimony of an agent or employee of a United States government agency more than you would the testimony of any other witness, just because the witness was a government agent or employee?

30. Do you know any other law enforcement employees?

31. Do you know any of the defense attorneys in this case?

32. Do you know any of the following persons who may be witnesses in this trial? (Read list of government and defense witnesses.)

33. Have you ever worked in the legal industry?

34. Do you know or recognize any other prospective jury panelist in the courtroom?

35. Have you ever been employed in the pharmacy or pharmaceutical industry? If yes,

    A. Did you work for a retail or commercial pharmacy?

    B. Did you work for a compounding pharmacy?

    C. What positions did you hold?

36. Have you or your spouse or partner ever worked for a pharmacy?

37. Do you know someone who has worked at a pharmacy?

38. Has anyone ever taken a medication that had to be made or compounded by a pharmacy? If yes, and if its not too personal, can you tell us:

    A. What was the compounded medication or what was it for?

    B. Was the medication effective?

    C. What pharmacy did the compounding?

    D.    Did your insurance pay for the compounded medication or did you have to pay for it?

    E.    Did the compounded medication help you?

    F.    Is there anything about that experience with a compounded medication that would affect your ability to be a completely fair and impartial juror in this case?

39. Without disclosing any names, do you know anyone who currently or in the past struggled with an addiction to opioids?

40. Is there anything about that experience that would affect your ability to be a fair and impartial juror in this health care case?

41. Have you or your spouse or partner ever worked for a doctor, hospital, or other health care facility?

42. Anyone on the panel have a family member that works in the medical field?

43. Does anyone on the panel have any knowledge, training or experience with medical billing?

44. Have you or your spouse or partner ever worked for a health care insurance company?

45. Anyone on the panel currently work in the field of insurance or adjusting insurance claims? If yes, where do you work and what is your title or position?

46. Does anyone on the panel have any knowledge, training, or experience with insurance, adjusting claims, or insurance billing?

47. Has anyone on the panel worked for or done business with Blue Cross Blue Shield? If yes, please tell us about that.

48. Have you, or anyone you know, ever owned a pharmacy or a portion of a pharmacy?

49. Do you own your own business?

50. Does someone in your immediate family or someone you're close with own their own business?

51. Have you ever filed a grievance, claim, or complaint against a pharmacist for conduct related to their work or the pharmaceutical industry?

52. Have you ever been employed in the financial or banking industry? If yes:

    A.    Did you work in retail, commercial, investment or private banking?

    B.    Are you a financial or investment advisor?

      C.      In what department did you work?

53. Have you ever been employed as or by an accounting firm or as an accountant or bookkeeper?

54. Have you ever used a cashier's check to pay someone or get paid?

55. Does anyone think that using a cashier's check is inherently suspicious or indicative that something fraudulent has occurred?

56. Does anyone hold professionals with licenses, such as doctors, dentists, or pharmacists, to a higher standard than a person without a professional license?

57. Has anyone ever loaned a significant amount of money to a friend or family member?

58. Does anyone think a loan given to a friend or family member should be as formally documented as a loan from a bank?

59. There will be large dollar amounts discussed during this trial. Does anyone think the fact that a transaction or payment is for millions of dollars make it more or less likely to be associated with criminal activity?

60. If a person received money or financially benefited from a crime but didn't know the crime took place—do you think that person should be responsible for the crime anyway?

61. Has anyone introduced a friend to a family member that had a business, for the purposes of them networking or discussing a business opportunity?

62. Some of you may have heard the phrase "guilty by association." Some of the Defendants in this case are family members. If you find that one Defendant did something or had knowledge of something, will you be inclined to assume that the other Defendants must have known about that or participated in it?

63. Does anyone feel that employees have an obligation to question everything an employer asks them to do?

## QUESTION ABOUT THE DUTY AND ABILITY TO SERVE

64. Your duty, as jurors, is merely to decide guilt or innocence based upon the evidence and my instructions to you as to the law you must apply in your deliberation. Your own views as to whether a particular law or rule of evidence is right or wrong cannot play any part in your deliberations and review of the evidence. Is there anyone who feels that they cannot accept my instructions on the law and apply those instructions in your consideration of evidence?

65. Have any prospective jurors ever received legal training of any kind? If so, what was that

training? Would that legal training interfere with your ability to apply the law as it will be explained to you by the Court?

66. Do any prospective jurors have philosophical, moral, or religious beliefs that prohibit you from sitting in judgment of another person and to judge the guilt or innocence of another person? Do any prospective jurors have philosophical, moral, or religious beliefs that would interfere with your ability to decide this case?

67. Is there anyone who has ever been personally interested in the outcome of a criminal case? By that, I mean: Have you, a member of your family, or a close personal friend been the victim of a crime, accused or convicted of a crime (other than a traffic offense), or been a witness to a crime?

68. If you have had any dealings with any other government agency, federal or state, is there anything in that experience that would affect your ability to be fair and objective towards both the government and the defendant in your consideration of the evidence?

69. Have any of you, or any of your relatives or close friends, ever been a party to any legal action or proceeding involving the United States, its officers, agents, or employees?

70. Have any of you, your relatives, or close friends had any experience with the Federal Bureau of Investigation, the United States Attorney's Office, or the Department of Defense?

71. If you are chosen to sit on this jury, can you think of any reason why you might not be able to render a fair and impartial verdict based solely upon the evidence and the law as the Court would instruct you at the conclusion of the case?

72. I expect that we will be able to conclude this case within six weeks. Do any of you have any pressing commitments, or any other problems (for example, a sick child at home) during that time period that might interfere with your ability to focus your attention on this case or otherwise interfere with your ability to decide this case fairly and impartially?

73. Does anyone have any medical or physical condition, such as problems with hearing or sight, or is anyone presently taking any medication that might impair your ability to devote your full attention to the trial or to fully observe and hear what happens during the trial of this case?

74. Is there anyone who feels they might be influenced in deciding guilt or innocence in this case for some reason other than those of which I have inquired? If so, please indicate at this time.

75. Is there anyone on the panel who would be either more inclined or less inclined to find a Defendant guilty because of his or her religious views?

76. Do you have any background, training, or experience in law enforcement that is not listed on your jury form?

77. Do any of you feel that you possess any kind of personal prejudice with reference to the Defendants or this case?

DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS - PAGE 7

78. The Defendants have pled not guilty to this charge. How many of you feel you would like to hear their side of the story or hear from them in any way?

79. On the scale of 1 – 10, 10 being the strongest, how strongly do you feel about needing a defendant to testify?

80. What are your thoughts about whether or not a Defendant should testify?

81. Can you think of any reasons why a Defendant may not testify?

82. If a Defendant does not testify, would you hold that against him?

83. How many of you have ever heard of a person being accused of a crime or punished for a crime when he/she was innocent?

84. Have you ever been accused of something you did not do?

85. Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of or are testifying on behalf of the government? Would you give their testimony greater weight or credibility over that of the defendant or witnesses on his behalf?

86. Does anyone think that just because someone was charged with a crime that means they necessarily did something wrong?

87. As the Court shows the jurors the indictment, do you understand that an indictment is only a piece of paper which notifies a defendant that he or she is being charged with a crime?

88. Do you understand that an indictment is not evidence that the crime charged was committed and may not be considered as evidence by you in deliberations?

89. Do you understand that the Defendants entered a plea of not guilty and are innocent until and unless proven otherwise?

90. Would you find it difficult to follow the Court's instruction that a defendant in a criminal case is presumed to be innocent until proven guilty beyond a reasonable doubt?

91. Do you have any difficulty presuming that the Defendants are innocent?

92. Is there anyone on the panel who believes they would be inclined to determine the innocence or guilt of the Defendants as a group and not as individual defendants?

93. Do you understand that the government is required by law to prove each Defendant guilty beyond a reasonable doubt?

94. If the government fails to meet that burden, you must find the Defendant not guilty.

DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS - PAGE 8

       Does anyone feel uncomfortable holding the government to its burden?

95. Do you realize that the burden of proof on the government is greater for a criminal case than for a civil case?

96. In a criminal case, a defendant is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution. Is there any possibility that you might hold it against a defendant if he chooses not to testify or present his own evidence?

97. The law says that if a defendant acts in good faith, this is a complete defense to the charges in the indictment. The reason for this is because good faith on the part of the defendant is inconsistent with an intent to commit a healthcare conspiracy or healthcare fraud as alleged in the indictment. Does anyone disagree with this law?

98. Have you read or heard anything about this case before coming here today?

99. Because of the publicity, do you think that the Defendant will get a fair trial?

100. Have you previously served on a jury, civil or criminal? If yes:

    A. When?

    B. Where?

    C. What type of case?

    D. Did you reach a verdict?

101. Have any of you ever served on a federal or state grand jury? If so, when and where?

102. Have any of you, any members of your immediate family, or close personal friends ever been a party to or testified in a civil or criminal trial or before a grand jury? If so, please explain.

103. Some of the Defendants are United States citizens but were born in Iran. Let me ask you a couple of questions about your experiences with people from Iran. Does anyone on the panel have any family members or friends who are Iranian?

104. Has anyone on the panel ever been to or lived in Iran? If yes, please tell us when you were in Iran and why you were there.

105. Has anyone on the panel ever had a bad experience with someone from Iran?

106. Is there anyone on the panel who would start out with a bias or prejudice against some of the Defendants because they were born in Iran?

107. After hearing a little bit about this case and having time to think about the charges, is there anyone here that doesn't feel comfortable sitting on a case like this?

108. If you were sitting in the Defendants' seat and accused of this crime, would you feel comfortable having someone with your mindset sitting on this jury?

109. Is there anything that anyone would like to add or that they forgot to mention earlier?

110. Is there anything that has not been discussed that you feel raises a question about whether you can be a fair and impartial juror if selected in this case?

Respectfully submitted,

/s/ *Andrew O. Wirmani*
Andrew O. Wirmani
Texas Bar No. 24052287
andrew.wirmani@rm-firm.com
Joshua M. Russ
Texas Bar No. 24074990
josh.russ@rm-firm.com
Margaret D. Terwey
Texas Bar No. 24087454
margaret.terwey@rm-firm.com
REESE MARKETOS LLP
750 N. Saint Paul St.,
Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

ATTORNEYS FOR CHRISTOPHER RYDBERG

/s/ *Jeff Kearney*
Jeff Kearney
State Bar of Texas No. 11139500
jkearney@kearneylawfirm.com
Catherine Stanley
Texas Bar Number: 24110542
cstanley@kearneylawfirm.com
KEARNEY LAW FIRM
3100 W. 7th Street, Suite 420
Fort Worth, Texas 76107
817.336.5600 (Phone)
817.336.5610 (Fax)

Dan Cogdell, I
State Bar of Texas No. 04501500
dan@cogdell-law.com
COGDELL LAW FIRM
1000 Main Street
Suite 2300
Houston, Texas 77002
713.426.2244 (Phone)

ATTORNEYS FOR JAMSHID "JAMES" NORYIAN

/s/Thomas M. Melsheimer
Thomas M. Melsheimer
State Bar of Texas No. 13922550
tmelsheimer@winston.com
Scott C. Thomas
State Bar of Texas No. 24046964
scthomas@winston.com
Alex C. Wolens
State Bar of Texas No. 24110546
AWolens@winston.com
Dion J. Robbins
State Bar of Texas No. 24114011
drobbins@winston.com
WINSTON & STRAWN
2121 N. Pearl St.
Suite 900
Dallas, Texas 75201
214.453.6446 (Phone)
214.453.6400 (Fax)

ATTORNEY FOR DEHSHID "DAVID" NOURIAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to opposing counsel on this 14th day of August, 2023.

/s/ Andrew O. Wirmani
Andrew O. Wirmani