**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **Case No.  3:17-CR-155-L** |
| | § | |
| **JAMSHID NORYIAN (1)** | § | |
| **a.k.a. JAMES NORYIAN** | § | |
| **DEHSHID NOURIAN (2)** | § | |
| **a.k.a. DAVID NOURIAN** | § | |
| **CHRISTOPHER RYDBERG (3)** | § | |
| **MICHAEL TABA (7)** | § | |

## DEFENDANTS'  PROPOSED  JURY  INSTRUCTIONS

Defendants Jamshid Noryian, Deshid Nourian, and Christopher Rydberg ("Defendants"), hereby submit these Proposed Jury Instructions. Defendants reserve the right to adopt Proposed Jury Instructions filed by other defendants or the government and reserve the right to supplement, withdraw, modify, or amend their Proposed Jury Instructions based on the evidence presented at trial.

1

# TABLE OF CONTENTS

PROPOSED INSTRUCTION NO. 1 - Preliminary Instructions ................................................................... 1

PROPOSED INSTRUCTION NO. 2 - Introduction to Final Instructions................................................... 11

PROPOSED INSTRUCTION NO. 3 - Duty to Follow Instructions ......................................................... 12

PROPOSED INSTRUCTION NO. 4 - Presumption of Innocence, Burden of Proof, Reasonable Doubt... 13

PROPOSED INSTRUCTION NO. 5 - Caution—Consider Only Crime Charged ..................................... 14

PROPOSED INSTRUCTION NO. 6 - Caution—Punishment .................................................................. 15

PROPOSED INSTRUCTION NO. 7 - Multiple Defendants—Multiple Counts........................................ 16

PROPOSED INSTRUCTION NO. 8 - Evidence - Excluding what is not Evidence................................... 17

PROPOSED INSTRUCTION NO. 9 - Credibility of Witnesses................................................................ 19

PROPOSED INSTRUCTION NO. 10 - Character Evidence .................................................................... 21

PROPOSED INSTRUCTION NO. 11 - Impeachment by Prior Inconsistencies......................................... 22

PROPOSED INSTRUCTION NO. 12 - Impeachment of Witness by Prior Conviction ............................. 23

PROPOSED INSTRUCTION NO. 13 - Accomplice — Informer — Immunity ....................................... 24

PROPOSED INSTRUCTION NO. 14 - Accomplice — Co-Defendant—Plea Agreement ......................... 25

PROPOSED INSTRUCTION NO. 15 - Expert Witness Testimony .......................................................... 27

PROPOSED INSTRUCTION NO. 16 - Impeachment by Evidence of Untruthful Character.................... 28

PROPOSED INSTRUCTION NO. 17 - Confession—Statement—Voluntariness (Multiple Defendants)...... 29

PROPOSED INSTRUCTION NO. 18 - Knowingly – to act...................................................................... 30

PROPOSED INSTRUCTION NO. 19 - Willfully – to Act........................................................................ 31

PROPOSED INSTRUCTION NO. 20 - Interstate Commerce – Defined ................................................... 32

PROPOSED INSTRUCTION NO. 21 - Affecting Commerce – Defined.................................................... 33

PROPOSED INSTRUCTION NO. 22 - Summaries and Charts Not Received Into Evidence.................... 34

PROPOSED INSTRUCTION NO. 23 --Summaries and Charts Received Into Evidence Pursuant to
Federal Rule of Evidence 1006 .......................................................................................................... 35

PROPOSED INSTRUCTION NO. 24 --Summary Witness Testimony and Charts Based on Other
Evidence.............................................................................................................................................. 36

PROPOSED INSTRUCTION NO. 25 --Count 1 - Conspiracy to Commit Health Care Fraud, 18 U.S.C.
1349 and 1347 .................................................................................................................................... 37

PROPOSED INSTRUCTION NO. 26 - Multiple Defendants—Single Counts ......................................... 41

PROPOSED INSTRUCTION NO. 27 - Multiple Conspiracies ............................................................... 42

PROPOSED INSTRUCTION NO. 28 - Counts 2-9 - Health Care Fraud, 18 USC 1347........................... 43

PROPOSED INSTRUCTION NO. 29 - Counts 2-9 - Aiding and Abetting (Agency) – 18 USC 2 ........... 47

PROPOSED INSTRUCTION NO. 30 --Count 10 - Conspiracy to Commit Laundering of Monetary
Instruments, 18 U.S.C 1956(h).......................................................................................................... 49

PROPOSED INSTRUCTION NO. 31 --Count 10 - Conspiracy to Commit Laundering of Monetary
Instruments, 18 U.S.C 1956(h).......................................................................................................... 52

PROPOSED INSTRUCTION NO. 32 - Unanimity of Theory ................................................................. 55

PROPOSED INSTRUCTION NO. 33 -- Counts 11-16 – Money Laundering, 18 USC 1956(a)(1)(B)(i) and 2 ............................................................................................................................................................. 57

PROPOSED INSTRUCTION NO. 34 - Count 17 – Conspiracy to Defraud the United States ................. 62

PROPOSED INSTRUCTION NO. 35 - Good Faith .................................................................. 65

PROPOSED INSTRUCTION NO. 36 - Guilt by Association ................................................... 67

PROPOSED INSTRUCTION NO. 37 - Large Sums of Money ................................................ 68

PROPOSED INSTRUCTION NO. 38 - Duty to Deliberate ..................................................... 69

## PROPOSED INSTRUCTION NO. 1
### Preliminary Instructions

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation during the course of this trial.

***Duty of the Jury***:

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate or should be taken by you as indicating what your; verdict should be.

***Evidence***:

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other matters received into the record as exhibits and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find. Certain things are not evidence and must not be considered by you for any purpose. I will list them for you now.

1: Statements, arguments and questions by lawyers are not evidence.

2: Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under our Rules of Evidence. You should not be influenced by the objection or by the Court's ruling on the objection. If the objection is sustained, ignore the question. If it is overruled, treat the answer like you would any other answer. If you are instructed that some item of evidence is received for a limited purpose, only you must follow that instruction and consider that evidence only for that limited purpose.

3: Testimony that the Court has excluded or told you to disregard is not evidence and

1

must not be considered by you.

4:  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom and in accordance with the Court's instructions.

Now, when I say that, that does not mean you cannot use your common sense and make reasonable deductions from other evidence.  You are allowed to do that.  Any inference or deduction that you make from the evidence must be reasonable.  It cannot be conjecture or it cannot be based on speculation.

There are two kinds of evidence, direct and circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is proof from facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these, as well as other matters at the end of the case.  But keep in mind that you may consider both kinds of evidence, direct evidence and circumstantial evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility or believability of witnesses at the conclusion of the case.

**Rules for a Criminal Case**:

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind:

First:  Any defendant charged with a crime is presumed innocent until proved guilty.  The indictment or the superseding indictment brought by the government against the defendants in this case is only an accusation, nothing more.  It is not proof of guilt or anything else.  All defendants in this case therefore start out with a clean slate.

2

Second:  The burden of proof is on the government until the very end of the case.  A defendant has no burden to prove his or her innocence or to present any evidence or to testify. Since defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third:  The government must prove guilt beyond a reasonable doubt.  As I told you before, proof beyond a reasonable doubt means such proof or evidence of such a convincing nature or character that you would not hesitate to rely and act upon it in the most important of your own affairs.  I will give you further instructions on this point later.

But bear in mind that in this respect, a criminal case is different from a civil case.

***Summary of applicable law:***

In this case, there are seventeen (17) Counts in the Indictment.  A separate crime is charged against one or more of the Defendants in each Count of the Indictment. Each Count, and the evidence pertaining to it, should be considered separately. The case of each Defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each Defendant.

 I will now give you a brief summary of the elements of the offenses that the government must prove  beyond a reasonable doubt to make its case.

The only count that includes all defendants is Count 1, conspiracy to commit healthcare fraud.  With respect to this count, that is to prove health care fraud, the government must establish proof beyond a reasonable doubt:

One:  The existence of an agreement between two or more persons to pursue the offense

3

of fraud, which means that the defendant must agree to knowingly and willfully execute a scheme to defraud any healthcare benefit program or to obtain, through false pretenses any of the money or property owned by ... any health care benefit program.[1]

Two:  That the defendant knew of the agreement.

Three:  That the defendant voluntarily participated in the conspiracy.

With respect to any Count charging conspiracy, the mere fact that certain persons may have associated with each other, may have assembled together and discussed common aims and interests, or have a family relationship do not solely establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The next counts in the superseding indictment are health care frauds, and those are Counts 2 through 9 of the indictment.  In a moment the lawyers for the government will read the indictment to you and you will receive a copy of the indictment when you deliberate, so you will hear and read which defendants are charged with each particular offense.

To prove health care fraud, the government must prove beyond a reasonable doubt that a defendant either, one, knowingly and willfully executed or attempted to execute a scheme or artifice to defraud a health care benefit program; or, two, normally and willfully executed or attempted to execute a scheme or artifice to obtain by false or fraudulent pretenses money under the control of a health care benefit program.

There's a Count 10 in the indictment.  Once again, when you read the indictment, you will see which defendant or defendants are charged with Count 10.  Count 10 is conspiracy to launder money and engage in monetary transactions in a criminally derived property.

To prove this offense, the government must show proof beyond a reasonable doubt, one,

---

[1] *United States v. Turner*, 561 Fed. Appx. 312, 316 (5th Cir. 2014) (quoting 18 U.S.C. § 1347)

that there was an agreement between two or more persons to commit money laundering; and, two, that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose.

In proving a conspiracy to launder money, the fact that aspects of the transaction are suspicious or odd is not sufficient, without more, to prove the specific intent to launder money or participate in a conspiracy to launder money.[2]  There must be some additional evidence beyond the fact of the bare transaction itself to infer specific intent to join a conspiracy to commit financial transaction money laundering.[3]

There's also a count in the superseding indictment, money laundering.  That's covered in Counts 11 through 16 of the superseding indictment. To obtain a conviction under this statute, the government must prove beyond a reasonable doubt that the defendant conducted or attempted to conduct a financial transaction; two, that he knew involved the proceeds of an unlawful activity; and, three, that the defendant acted with the intent either to conceal or disguise the nature, location, source, ownership or control of the proceeds of an unlawful activity.

The fact that a party moved money, standing alone, is not sufficient to prove that the party moved the money with the purpose of concealing it.[4]  Conviction requires proof that the *purpose*—not merely the effect—of the transaction was to conceal or disguise.[5] Evidence that a transaction was open or notorious, that the use of the money was not disguised, or that the defendant used his real name and did not try to hide his identity weighs against a conviction for

---

[2] *United States v. Cessa*, 785 F.3d 165, 179 (5th Cir. 2015) (holding that evidence that a horse trainer received large payments from known drug dealers for horse training services, without more, was insufficient to convict the horse trainer of money laundering).
[3] *Id.*
[4] *Regalado Cuellar v. United States*, 553 U.S. 550, 566 (2008) ("[H]ow one moves the money is distinct from why one moves the money. Evidence of the former, standing alone, is not sufficient to prove the latter.").
[5] *Regalado Cuellar*, 553 U.S. at 567.

money laundering.[6]

Finally, there is a count that's in Count 17 of the superseding indictment, conspiracy to defraud the United States.  With respect to conspiracy to defraud the United States, which is Count 17, to convict the defendant of conspiracy to defraud the United States, the government is required to prove beyond a reasonable doubt, one, an agreement between two or more persons to pursue an unlawful objective; two, the defendant knew of the unlawful objective and voluntary agreement to join the conspiracy; and, three, an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy.

Those are the essential elements of the offenses charged in the superseding indictment. As with any of the counts, the Court will direct you in the final instructions to read that count before you make any decision as to whether any person is guilty or not guilty in this case.

Once again, as I said before, the indictment is a set of charges or accusations against a defendant.  The crimes and charge in the indictment must be proved by proof beyond a reasonable doubt.

### Conduct of the jury:

Let me talk about the conduct of the jury.

You, as jurors, must decide the evidence based on the evidence heard here within the four walls of this courtroom.  As I said before, that does not mean you cannot use your common sense and make reasonable deductions from the evidence that's presented by the parties in this case.

This means that you must not conduct any independent research about this case, the matters in this case and individuals involved in the case.  In other words, you must not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tool to obtain information about this case or to help you decide the case.

---

[6] *Dobbs*, 63 F.3d at 397-98.

Do not try to find out information from any source outside the confines of this courtroom.

Everything that you need to know insofar as legal definitions will be provided to you by the Court.

Until you retire to deliberate, you may not discuss the case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you return your verdict and the case has come to a conclusion.

I know that many of you use cell phones, BlackBerrys, internet and other tools of technology.

You must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends.

You may not communicate with anyone about the case on your cell phone, through email, BlackBerry, iPhone, text messaging or on Twitter or through any blog or website, including Facebook, Google, MySpace, LinkedIn or YouTube. You may not use similar technology of social media even if I have not specifically mentioned it here. The reason I say that is because technology changes all the time, and sometimes the law is a little behind technology. But what I'm saying is, do not say to yourself, get cute and say, "The judge did not mention this, I can therefore use this new technology." No, you cannot use a new technology. As I stated before, what you need to know about the case, the facts will be presented here. Any legal instructions will be given by the Court. And of course, as I said before, you can use your common sense in making reasonable deductions.

Now, if anyone violates these instructions -- I'm talking about any member on the jury -- I expect that you will inform the Court Security Officer as soon as you become aware of another

juror's violation of these instructions.  This is extremely important.  Because a juror who violates these restrictions or the Court's instructions jeopardizes the fairness of these proceedings and a mistrial could result, which would require the entire process to start over.  And all of you are aware it took us two days to get to the point where we are now.

If someone violates the Court's instructions or restrictions set by the Court, that means we have to start over from ground zero.  Moreover, if a juror violates any instructions that exposes the juror to a possible contempt of court situation, we do not want that to happen, so please follow these instructions.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the conclusion of the case.

Let me say something about note-taking.  If you want to take notes during the course of the trial, you may do so.  You are not required to take notes.  I think some of you will find it helpful to take notes, because, as you know, this case is going to last four to five weeks. Therefore, a lot of evidence will be presented to you.  At the same time, do not be so consumed by your note-taking that you miss key or important evidence during the course of the trial.  Also, if you take notes, do not discuss them with anyone before you begin your deliberations.  Also, if you take notes, do not take your notes when you leave the jury room.  Leave them in the jury room, and you can retrieve them when you return.  If you do not take notes, remember that it is your own individual responsibility to listen carefully to the evidence.  You cannot give or ascribe this responsibility to someone else.  In other words, you cannot say, "Look, you take some really copious notes, and when it's time to deliberate, I will rely on your notes."  No, you have an individual responsibility to listen to the testimony and carefully consider the testimony.  At the

end of the case, we depend on the judgment of all members of the jury.  You must all remember the evidence in this case.

The trial will begin momentarily.  What we will do is have the government read the indictment, that is, one of the attorneys will read the indictment.  Once the indictment is read, the Court will take a plea from each defendant.  And then the government will make an opening statement. n opening statement is not an opening argument.  It is simply an outline to help you understand the evidence as it comes in from that party's perspective.  After the opening statement is made by the government, each defendant has a right to make an opening statement or a defendant has a right to defer or delay his opening statement until his or her -- his case in chief.

So, remember, whatever the lawyers say to you during the course of opening statement is not evidence.  It's designed to help you follow the evidence that comes in or evidence that might -- it's designed to help you follow the evidence as it is presented during the course of the case.

Once again, opening statements are not evidence or argument.  At the conclusion of the case, each side, the government and the defense, will have an opportunity to present closing arguments to you.

After the opening statements are made, the government will then present its witnesses.  And counsel for the defense may cross-examine those witnesses, and the government may redirect, and the defense may recross.  That's the way the process will proceed, the direct examination, cross-examination, redirect examination and recross.  After that is done, we will move on to the next witness until the government completes its case.

Once the government has rested, the defense will present its case, and we will go through the same process.  The defense will present its witnesses.  They can be cross-examined by the government.  There will be redirect testimony, perhaps, and there may be recross.  Once the

government -- excuse me, once each defendant has rested, then the government will close.  Or, if there's rebuttal evidence, that will take place.

The bottom line is, once all the evidence is in, then the evidentiary phase of the trial has concluded.

After the evidentiary phase, the attorneys will make their closing arguments.  But before they make their closing arguments, I will give you some written instructions concerning the law. There is no need for you to take notes with respect to the written instructions, because each of you will have your own individual copy as to the Court's instructions.

ACCEPTED: _____ REFUSED: ___ MODIFIED:  _____

_____
HONORABLE SAM LINDSAY UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. Nos. 1.01 (preliminary instructions) 1.25 (multiple defendants-multiple counts), 1.41 (knowingly), 1.43 (willfully), 2.04 (aiding and abetting), 2.15A and 2.15B (conspiracy), 2.59 (health care fraud), 2.76A (money laundering), and 2.76C (conspiracy to commit money laundering) (2019 ed.).  *U.S. v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996) ("[A] conspiracy cannot be proven solely by a family relationship.")

## PROPOSED INSTRUCTION NO. 2
### Introduction to Final Instructions

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury.

It is my duty to preside over the trial and to decide what evidence is proper for your consideration.

It is also my duty at the end of the trial to explain to you the rules of law that you must follow and

apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example,

instructions about burden of proof and how to judge the believability of witnesses. Then I will give

you some specific rules of law about this particular case, and finally I will explain to you the

procedures you should follow in your deliberations.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.03 (2019 ed.).

## PROPOSED INSTRUCTION NO. 3
## Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.04 (2019 ed.).

12

## PROPOSED INSTRUCTION NO. 4
## Presumption of Innocence, Burden of Proof, Reasonable Doubt

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.05 (2019 ed.)

13

**PROPOSED INSTRUCTION NO. 5**
**Caution—Consider Only Crime Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that any of the Defendants are guilty of the crime or crimes for which they have been charged. The Defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.21 (2019 ed.).

14

## PROPOSED INSTRUCTION NO. 6
### Caution—Punishment

If any Defendant is found guilty, it will be my duty to decide what the punishment will be.

You should not be concerned with punishment in any way. It should not enter your consideration

or discussion.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.22 (2019 ed.).

## PROPOSED INSTRUCTION NO. 7
## Multiple Defendants—Multiple Counts

A separate crime is charged against one or more of the Defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each Defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each defendant.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.25 (2019 ed.).

16

## PROPOSED INSTRUCTION NO. 8
### Evidence - Excluding what is not Evidence

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

17

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**

FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.06 (2019 ed.).

**PROPOSED INSTRUCTION NO. 9**
**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of each of the Defendants beyond a reasonable doubt. In doing so, you must consider all the evidence. This does not mean, however, that you must accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the Defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the Defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying

for one side on that point. You will always bear in mind that the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.09 (2019 ed.).

## PROPOSED INSTRUCTION NO. 10
### Character Evidence

Where a Defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a Defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.10 (2019 ed.)

## PROPOSED INSTRUCTION NO. 11
## Impeachment by Prior Inconsistencies

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.11 (2019 ed.).

## PROPOSED INSTRUCTION NO. 12
## Impeachment of Witness by Prior Conviction

You have been told that the witness, _____, was convicted in _____ of _____

(e.g., armed robbery). A conviction is a factor you may consider in deciding whether to believe

that witness, but it does not necessarily destroy the witness's credibility. It has been brought

to your attention only because you may wish to consider it when you decide whether you

believe the witness's testimony. It is not evidence of anything else.


GIVEN: _____
REFUSED: _____
MODIFIED: _____


_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.13 (2019 ed.).

23

## PROPOSED INSTRUCTION NO. 13
### Accomplice — Informer — Immunity

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.15 (2019 ed.).

24

**PROPOSED INSTRUCTION NO. 14**
**Accomplice — Co-Defendant—Plea Agreement**

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for the co-defendant to plead guilty to Count 1 of the indictment and limit his maximum sentence. The co-defendant has agreed to cooperate with the government and provide information concerning the activities of the remaining co-defendants. If the government determines the co-defendant provided substantial assistance in the prosecution, it will file a motion urging sentencing consideration for that assistance. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**

FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.16 (2019 ed.).

## PROPOSED INSTRUCTION NO. 15
## Expert Witness Testimony

During the trial, you heard the testimony of _____ who expressed opinions concerning _____. If scientific technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.18 (2019 ed.).

**PROPOSED INSTRUCTION NO. 16**
**Impeachment by Evidence of Untruthful Character**

You have heard the testimony of _____.. You also heard testimony from others concerning their opinion about whether that witness is a truthful person [the witness's reputation, in the community where the wit- ness lives, for telling the truth]. It is up to you to decide from what you heard here whether _____ was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all the other factors al- ready mentioned.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.14 (2019 ed.).

28

## PROPOSED INSTRUCTION NO. 17
### Confession—Statement—Voluntariness (Multiple Defendants)

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.29 (2019 ed.).

29

## PROPOSED INSTRUCTION NO. 18
### Knowingly – to act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.


GIVEN: _____
REFUSED: _____
MODIFIED: _____


_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.41 (2019 ed.).

## PROPOSED INSTRUCTION NO. 19
## Willfully – to Act

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids, or to fail to do something the law requires to be done: that is, to act or participate with the bad purpose either to disobey or disregard the law.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.43 (2019 ed.).

**PROPOSED INSTRUCTION NO. 20**
**Interstate Commerce – Defined**

Interstate commerce means commerce or travel between one state, territory or possession

of the United States and another state, territory or possession of the United States, including the

District of Columbia.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.44 (2019 ed.).

## PROPOSED INSTRUCTION NO. 21
### Affecting Commerce – Defined

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.47 (2019 ed.).

33

## PROPOSED INSTRUCTION NO. 22
## Summaries and Charts Not Received Into Evidence

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.50 (2019 ed.).

34

## PROPOSED INSTRUCTION NO. 23
## Summaries and Charts Received Into Evidence Pursuant to Federal Rule of Evidence 1006

Certain charts and summaries have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve. The underlying records are the best evidence of what occurred.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.51 (2019 ed.).

## PROPOSED INSTRUCTION NO. 24
### Summary Witness Testimony and Charts Based on Other Evidence

Summary testimony by a witness and charts or summaries prepared or relied on by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.52 (2019 ed.).

36

**PROPOSED INSTRUCTION NO. 25**
**Count 1 - Conspiracy to Commit Health Care Fraud, 18 U.S.C. 1349 and 1347**

Title 18, United States Code, Section 1349, makes it a crime for anyone to conspire to commit health care fraud; that is: to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

Count 1 charges Defendants Jamshid Noryian, Dehshid Nourian, Christopher Rydberg, and Michael Taba with conspiring to commit health care fraud.

For you to find any defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant you are considering and at least one other person made an agreement to commit the crime of health care fraud, as charged in the indictment;

*Second*: That the defendant you are considering knew the unlawful purpose of the agreement; and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

A conspiracy to commit health care fraud … requires that the fraud be the object of the conspiracy.  This means that the conspirators must agree to knowingly and willfully execute a scheme to defraud any healthcare benefit program or to obtain, through false pretenses any of the money or property owned by ... any health care benefit program.[7]

The elements of health care fraud are:

---

[7] *United States v. Turner*, 561 Fed. Appx. 312, 316 (5th Cir. 2014) (quoting 18 U.S.C. § 1347).

*First:* That the defendant knowingly and willfully executed a scheme (1) to defraud a health care benefit program, FECA or BCBS, and (2) to obtain money or property from a health care benefit program, FECA or BCBS, by means of false or fraudulent pretenses in connection with the delivery of or payment for health care benefits, items, or services;

*Second:* That the defendant acted with the specific intent to defraud a health care benefit program;

*Third:* That the false or fraudulent pretenses that defendant used were material; and

*Fourth:* That the operation of the health care benefit program affected interstate commerce.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the Defendant played only a minor part.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service, for which payment may be made under the plan or contract."

38

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

The government does not have to prove that the defendant had actual knowledge of the applicable health care fraud statute or a specific intent to violate it.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and other state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required in order to show that the health care benefits program "affected interstate commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected interstate commerce."

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been

members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, or the mere fact that person may be members of the same family does not solely establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) (modified to reflect charge of conspiracy under 18 U.S.C. § 1349 rather than under 18 U.S.C. § 371), Inst. No. 2.15A, 1.37 (knowingly) and 1.38 (willfully) (2019 ed.). *U.S. v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996) ("[A] conspiracy cannot be proven solely by a family relationship.")

40

## PROPOSED INSTRUCTION NO. 26
## Multiple Defendants—Single Counts

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.24 (2019 ed.).

41

## PROPOSED INSTRUCTION NO. 27
### Multiple Conspiracies

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that Defendant may have been a member of some other conspiracy.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____

HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 2.16 (2019 ed.).

**PROPOSED INSTRUCTION NO. 28**
**Counts 2-9 - Health Care Fraud, 18 USC 1347**

Title 18, United States Code, Section 1347(a), makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

Defendant Jamshid Noryian is charged with Counts 2–9. Defendant Dehshid Nourian is charged with Counts 2–9. Defendant Michael Taba is charged with Counts 7, 8, and 9.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly and willfully executed a scheme or artifice to defraud a health care benefit programs, FECA and BCBS, by obtaining money or property from these program, by means of materially false or fraudulent pretenses, representations and promises in connection with the delivery of or payment for health care benefits, items, or services;

*Second*: That the defendant acted with a specific intent to defraud a health care benefit program;

*Third:* That the false or fraudulent pretenses, representations and promises that the defendant used were material; and

*Fourth:* That the operation of the health care benefit program affected interstate commerce.

The word "knowingly" as that term is used in these instructions, m eans that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" as that term is used in these instructions, means that the act was

committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit item, or service, for which payment may be made under the plan or contract."

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

The government does not have to prove that the defendant had actual knowledge of or specific intent to violate the applicable health care fraud statutes.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and

communication. Only a minimal effect is required in or- der to show that the health care benefit program "affected commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected commerce."

It is not necessary that the government prove all the details alleged in the indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

Below is a table summarizing the specific counts and the allegations as alleged in the indictment.

| Count | Defendant | Bene-ficiary | RX Number | Approx. Date Filled | Approx. Billed Amount | Approx. Paid Amount | Insurance |
|---|---|---|---|---|---|---|---|
| 2 | Jamshid Noryian Dehshid Nourian | M.M. | 948636 | 2/02/2015 | $5,584.48 | $4,693.01 | BCBS |
| 3 | Jamshid Noryian Dehshid Nourian | A.G. | 948634 | 2/02/2015 | $5,584.48 | $4,693.01 | BCBS |
| 4 | Jamshid Noryian Dehshid Nourian | R.M. | 948617 | 2/02/2015 | $5,584.48 | $4,693.01 | BCBS |
| 5 | Jamshid Noryian Dehshid Nourian Leslie Benson | M.C. | 948194 | 1/23/2015 | $3,531.22 | $2,845.21 | FECA |
| 6 | Jamshid Noryian Dehshid Nourian Leslie Benson | L.S. | 952435 | 4/08/2015 | $3,550.01 | $2,860.33 | FECA |
| 7 | Jamshid Noryian Dehshid Nourian Michael Taba | R.C. | 957866 | 7/07/2015 | $3,676.42 | $2,860.33 | FECA |
| 8 | Jamshid Noryian Dehshid Nourian Michael Taba | L.B. | 956511 | 6/10/2015 | $3,676.42 | $2,860.33 | FECA |
| 9 | Jamshid Noryian Dehshid Nourian Michael Taba | J.A. | 957431 | 7/01/2015 | $3,676.42 | $2,860.33 | FECA |

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 2.59. (2019 ed.).

## PROPOSED INSTRUCTION NO. 29
## Counts 2-9 - Aiding and Abetting (Agency) – 18 USC 2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Defendant Jamshid Noryian is charged with aiding and abetting Counts 2–9. Defendant Dehshid Nourian is charged with aiding and abetting Counts 2–9. Defendant Michael Taba is charged with aiding and abetting Counts 7, 8, and 9.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent

to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of health care fraud as described in Counts 2, 3, 4, 5, 6, 7, 8, and 9 was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

GIVEN:                    _____
REFUSED: _____
MODIFIED:    _____


_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____


**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 2.04 (2019 ed.).

**PROPOSED INSTRUCTION NO. 30**
**Count 10 - Conspiracy to Commit Laundering of Monetary Instruments, 18 U.S.C 1956(h)**

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire with someone else to commit money laundering.

Count 10 charges defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg with conspiring to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, health care fraud, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, or source of the proceeds of unlawful activity; and that while conducting and attempting to conduct such transactions, the Defendants knew that the property involved represented the proceeds of health care fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find any Defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of money laundering;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

The elements of money laundering under 18 USC 1956(a)(1)(B)(i) are:

*First*: That the defendant knowingly conducted a financial transaction;

49

*Second*: That the financial transaction involved the proceeds of a specified unlawful activity, namely health care fraud;

*Third*: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, health care fraud; and

*Fourth*: That the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident. The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the Defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly,

the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, or the mere fact that person may be members of the same family does not solely establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator. In proving a conspiracy to launder money, the fact that aspects of the transaction are suspicious or odd is not sufficient, without more, to prove the specific intent to launder money or participate in a conspiracy to launder money.[8] There must be some additional evidence beyond the fact of the bare transaction itself to infer specific intent to join a conspiracy to commit financial transaction money laundering.[9]

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. Nos. 2.15A (2019 ed.) (modified to reflect charge of conspiracy under 18 U.S.C. § 1956(h) rather than under 18 U.S.C. § 371), 1.37 (knowingly), 1.38 (willfully), 2.76C(conspiracy to commit money laundering) and 2.76A (money laundering under 18 U.S.C. § 1956(a)(1)(B)(i)). *U.S. v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996) ("[A] conspiracy cannot be proven solely by a family relationship.")

---

[8] *United States v. Cessa*, 785 F.3d 165, 179 (5th Cir. 2015) (holding that evidence that a horse trainer received large payments from known drug dealers for horse training services, without more, was insufficient to convict the horse trainer of money laundering).
[9] *Id.*

51

## PROPOSED INSTRUCTION NO. 31
## Count 10 - Conspiracy to Commit Laundering of Monetary Instruments, 18 U.S.C 1956(h)

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire with someone else to commit money laundering.

Count 10 charges defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg with conspiring to knowingly engage and attempt to engage in monetary transactions within the United States, by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, of healthcare fraud in violation of 18 U.S.C. § 1957.

The elements of engaging in monetary transactions in property derived from specified unlawful activity under 18 U.S.C. § 1957 are:

*First*: that the defendant knowingly engaged in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity, health care fraud;

*Fifth*: that the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident. The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

52

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the Defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, or the mere fact that person may be members of the same family does not soley establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.  In proving a conspiracy to launder money, the fact that aspects of the transaction are suspicious or odd is not sufficient, without more, to prove the specific intent to launder money or participate in a conspiracy to launder money.[10]   There must be some additional evidence beyond the fact of the bare transaction itself to infer specific intent to join a conspiracy to commit financial transaction money laundering.[11]

GIVEN:                    _____

---

[10] *United States v. Cessa*, 785 F.3d 165, 179 (5th Cir. 2015) (holding that evidence that a horse trainer received large payments from known drug dealers for horse training services, without more, was insufficient to convict the horse trainer of money laundering).
[11] *Id.*

REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**

FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) 1.41 (knowingly), 1.43 (willfully), 2.76C(conspiracy to commit money laundering) 2.77 (engaging in monetary transactions in property derived from specified unlawful activity) (2019 ed.) *U.S. v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996) ("[A] conspiracy cannot be proven solely by a family relationship.")

## PROPOSED INSTRUCTION NO. 32
### Unanimity of Theory

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count 10.

Count ten of the indictment accuses the defendant of committing the crime of conspiracy to commit money laundering in two different ways.

The first is that the defendants conspired to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity: health care fraud, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, or source of the proceeds of unlawful activity, and that while conducting and attempting to conduct such transactions, the Defendants knew that the property involved represented the proceeds of health care fraud in violation of 18 U.S.C. §1956( a)(1)(B)(i).

The second is that the defendants conspired to knowingly engage and attempt to engage in monetary transactions within the United States, by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, of healthcare fraud in violation of 18 U.S.C. § 1957.

The government does not have to prove both manners of conspiring to commit money laundering for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendants conspired as set forth in the first option above; or, all of you must agree that the

government proved beyond a reasonable doubt that the defendants conspired as set forth in the

second option above.


GIVEN: _____
REFUSED: _____
MODIFIED: _____

_

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.27 (2019 ed.).

**PROPOSED INSTRUCTION NO. 33**
**Counts 11-16 – Money Laundering, 18 USC 1956(a)(1)(B)(i) and 2**

Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

Jamshid Noryian is charged with Counts 11–16. Dehshid Nourian is charged with Counts 11–16. Christopher Rydberg is charged with Counts 11–16.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly conducted a financial transaction;

*Second*: That the financial transaction the proceeds of a specified unlawful activity, namely health care fraud;

*Third*: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: That the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

The word "knowingly" as that term is used in these instructions, m eans that the act was done voluntarily and intentionally, not because of mistake or accident.

With respect to the second element, the government must show that, in fact, the

property was the proceeds of health care fraud, as described in Counts 2–9, a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

With respect to the fourth element, the government must prove that the specific transactions were designed, at least in part, to launder money.[12]  The government must show the defendant had a desire to create the appearance of legitimate wealth or otherwise to conceal the nature of funds so that it might enter the economy as legitimate funds.[13]  Merely providing services and accepting the proceeds of illegal activity as payment for those services, without the intent to conceal the proceeds of illegal activity, is insufficient to establish criminal liability for money laundering.[14] Likewise, the fact that a party moved money, standing alone, is not sufficient to prove that the party moved the money with the purpose of concealing it.[15]  Conviction requires proof that the *purpose*—not merely the effect—of the transaction was to conceal or disguise.[16] Evidence that a transaction was open or notorious, that the use of the money was not disguised, or that the defendant used his real name and did not try to hide his identity weighs against a conviction for money laundering.[17]

I instruct you that health care fraud is a felony.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or

---

[12] *United States v. Dobbs*, 63 F.3d 391, 397 (5th Cir. 1995) ("The government must prove that the specific transactions in question were designed, at least in part to launder money.").

[13] *Id.*

[14] *United States v. Cessa*, 785 F.3d 165, 179 (5th Cir. 2015) ("We have held that merely providing services to a known drug dealer and accepting the proceeds of the illegal activity as payment is insufficient as a matter of law to establish criminal liability for money laundering." (quoting *United States v. Trejo*, 610 F.3d 308, 318 (5th Cir. 2010)).

[15] *Regalado Cuellar v. United States*, 553 U.S. 550, 566 (2008) ("[H]ow one moves the money is distinct from why one moves the money. Evidence of the former, standing alone, is not sufficient to prove the latter.").

[16] *Regalado Cuellar*, 553 U.S. at 567.

[17] *Dobbs*, 63 F.3d at 397-98.

other disposition [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument] [any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected].

The term "financial transaction" includes any "transaction," as that term has just been defined which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

Below is a table summarizing the specific counts and the allegations as alleged in the indictment.

| Count | Defendants | Approximate Date | Description of Transaction |
|---|---|---|---|
| 11 | Jamshid Noryian Dehshid Nourian Christopher Rydberg | January 22, 2016 | Transfer of $3,500,000.00 from Wells Fargo bank account *0302 held in the name of Industrial & Family to JP Morgan Chase bank account *9863 held in the name of Industrial & Family. |
| 12 | Jamshid Noryian Dehshid Nourian Christopher Rydberg | January 27, 2016 | Transfer of $3,500,000.00 from JP Morgan Chase bank account *9863 held in the name of Industrial & Family into JP Morgan Chase bank account *3462 held in the name of Jade and Joy. |
| 13 | Jamshid Noryian Christopher Rydberg | January 27, 2016 | Transfer of $3,500,000.00 from JP Morgan Chase bank account *3462 held in the name of Jade and Joy into Scottrade investment account *1793 held in the name of Sherri Mofid. |
| 14 | Jamshid Noryian, Dehshid Nourian Christopher Rydberg | January 11, 2016 | Transfer of $5,266,000.00 from Prosperity Bank bank account *9542 held in the name of Ability into JP Morgan Chase bank account *2280 held at in the name of Ability. |
| 15 | Jamshid Noryian Dehshid Nourian Christopher Rydberg | January 12, 2016 | Transfer of $5,266,000.00 from JP Morgan Chase bank account *2280 held in the name of Ability into JP Morgan Chase bank account *3462 held in the name of Jade and Joy. |
| 16 | Jamshid Noryian Dehshid Nourian Christopher Rydberg | January 12, 2016 | Transfer of $5,266,000.00 from JP Morgan Chase bank account *3462 held in the name of Jade and Joy into Wells Fargo Bank bank account *6032 held in the name of Dehshid Nourian. |

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____ _

_____

HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

60

**AUTHORITY:**

FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 2.76A and 1.41 (knowingly) (2019 ed.).

**PROPOSED INSTRUCTION NO. 34**
**Count 17 – Conspiracy to Defraud the United States**

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to defraud the United States or any agency thereof in any manner or for any purpose.

Count 17 charges defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg with conspiring to defraud the United States impairing, obstructing, or defeating the lawful function of the Internal Revenue Service in the ascertainment, assessment or collection of income taxes.

The word "defraud" here is not limited to its ordinary meaning of cheating the government out of money or property; it also includes impairing, obstructing, defeating, or interfering with the lawful function of the government or one of its agencies by dishonest means.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime," in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to defraud the government or one of its agencies, as charged in the indictment;

*Second*: That the defendant knew that the purpose of the agreement was to defraud the government and joined in it willfully, that is, with the intent to defraud; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish

some object or purpose of the conspiracy.

The word "knowingly" as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator. Likewise, the fact that multiple defendants have a family relationship does not establish proof of

the existence of a conspiracy.[18]

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES),
Inst. No. 2.15B (conspiracy to defraud), 1.41 (knowingly), 1.43 (willfully) (2019 ed.).

---

[18] *U.S. v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996) ("[A] conspiracy cannot be proven solely by a family relationship.")

## PROPOSED INSTRUCTION NO. 35
### Good Faith

The good faith of a defendant is a complete defense to the charges of the indictment. This is because good faith on the part of a defendant is inconsistent with the finding of "intent to defraud" that is required to convict a defendant for health care fraud and money laundering. Good faith is also inconsistent with the finding of actions that were done "willfully" or "knowingly," an element of conspiracy.

The decisions and conduct of a person who acts on a belief or an opinion honestly held are not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of knowledge, willfulness, and intent to defraud required. These laws are intended to subject to criminal punishment only those people who knowingly and willfully act.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with known legal duties. It is the government's burden to prove to you, beyond reasonable doubt, that the defendant acted knowingly, willfully, and with the intent to defraud.

In determining whether or not the government has met its burden that a defendant acted knowingly, willfully, and/or with the intent to defraud, the jury must consider all of the evidence in the case bearing on a defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with the intent to defraud.

If the evidence in the case leaves the jury with a reasonable doubt as to whether a defendant acted in good faith, the jury must find that defendant not guilty.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
2A K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, §40.16 (5th Ed. 2000) (modified to fit charge). "The good faith defense operates by negating the element of 'willfulness' or criminal intent." *Id.* at notes (citing *United States v. Kimmel*, 777 F.2d 293 (5th Cir. 1985)).

## PROPOSED INSTRUCTION NO. 36
## Guilt by Association

There is a longstanding rule against "guilt by association." A defendant may not be convicted merely because people he did business with committed criminal acts. Even proof which places a defendant in a climate of wrongdoing is insufficient to prove beyond a reasonable doubt that a defendant had the deliberate, knowing, specific intent to join a conspiracy. Likewise, the fact that multiple defendants have a family relationship does not establish proof of the existence of a conspiracy.[19] Each element of each offense must be proved independently against a defendant individually on the basis of his own conduct and state of mind.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
The Fifth Circuit has a "long-established rule that a defendant's guilt may not be proven by showing that he associates with unsavory characters." *United States v. Romo*, 669 F.2d 285, 288 (5th Cir. 1982) (quoting *United States v. Singleterry*, 646 F.2d 1014, 1018 (5th Cir. 1981)); accord *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998). "Plain error" has been found by the Fifth Circuit for attempting to show guilt by association. *Singleterry,* 646 F.2d at 1018. "We have consistently held that mere association with persons involved in a criminal enterprise is insufficient to prove participation in a conspiracy." *United States v. DiSimone*, 660 F.2d 532, 537 (5th Cir.). Placing a defendant "in a suspect 'climate of activity' . . . is insufficient to show participation in a conspiracy." *United States v. Skillern*, 947 F.2d 1268, 1274 (5th Cir. 1991) (citing DiSimone). " 'There are no constructive offenses; and before one can be punished, it must be shown that his case is plainly within the statute.' " *McNally v. United States*, 483 U.S. 350, 360 (1987) (quoting *Fasulo v. United States*, 272 U.S. 620, 629 (1926)). Proof which places a defendant in "a climate of activity that reeks of something foul" is insufficient to "prove[] beyond a reasonable doubt that [a defendant] had the 'deliberate, knowing, specific intent to join the conspiracy.' " *DiSimone*, at 537 (citing *United States v. Wieschenberg*, 604 F.2d 326, 331-32 (5th Cir. 1979) and *United States v. Morado*, 454 F.2d 167, 175 (5th Cir.), cert. denied, 406 U.S. 917 (1972), respectively).

---

[19] *U.S. v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996) ("[A] conspiracy cannot be proven solely by a family relationship.")

67

## PROPOSED INSTRUCTION NO. 37
### Large Sums of Money

The testimony and the exhibits in this in this trial were connected with large financial transactions – but the fact alone has nothing to do with the guilt or innocence of the Defendant.

The mere fact that the transactions in this case may have involved millions of dollars does not mean that a Defendant is held to a greater standard of conduct than had the case involved smaller sums of money. The law applies the same in all cases.

Nor should the jury conclude that merely because the parties involved in this case dealt in large sums of money that a Defendant is guilty of wrongdoing. The presumption of innocence applies to every case equally without regard to the number of dollars in the transaction.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
HONORABLE SAM LINDSAY
UNITED STATES DISTRICT JUDGE
Date: _____

**AUTHORITY:**
*United States v. Hirko*, No. H-03-0093, 2005 WL6228188 (S.D. Tex. July 13, 2005).

68

## PROPOSED INSTRUCTION NO. 38
### Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts. Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt. When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. [Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message. Bear in mind that you are never to reveal to any person, not even the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
 HONORABLE SAM LINDSAY
 UNITED STATES DISTRICT JUDGE
 Date: _____

**AUTHORITY:**
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.24 (2019 ed.).

Respectfully submitted,

_/s/ Jeff Kearney_
JEFF KEARNEY
State Bar of Texas No. 11139500
CATHERINE STANLEY
Texas Bar Number: 24110542
KEARNEY LAW FIRM
3100 W. 7th Street, Suite 420
Fort Worth, Texas 76107
817-336-5600
817-336-5610-FAX
jkearney@kearneylawfirm.com
cstanley@kearneylawfirm.com

ATTORNEYS FOR
JAMSHID "JAMES" NORYIAN

_/s/ Andrew Wirmani_
Andrew Wirmani
State Bar of Texas No.
24052287
Margaret Terwey
State Bar of Texas No.
24087454
Reese Marketos LLP
750 N. St. Paul Street,
Suite 600
Dallas, Texas 75201
(214) 382-9810
andrew.wirmani@rm-firm.com
margaret.terwey@rm-firm.com

ATTORNEYS  FOR CHRISTOPHER
RYDBERG

_/s/ Scott C. Thomas_
Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
Scott C. Thomas
Texas Bar No. 24046964
scthomas@winston.com
Dion J. Robbins
Texas Bar No. 24114011
drobbins@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

ATTORNEYS FOR
DEHSHID "DAVID" NOURIAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to opposing counsel on this 14th day of August 2023.