IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMSHID NORYIAN (01)<br>  a.k.a. JAMES NORYIAN<br>DEHSHID NOURIAN (02)<br>  a.k.a. DAVID NOURIAN<br>CHRISTOPHER RYDBERG (03)<br>MICHAEL TABA (07) | Case No. 3:17-CR-155 |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its undersigned counsel, hereby files the following proposed jury instructions and verdict forms for each defendant proceeding to trial in this matter. All instructions are from the Fifth Circuit Pattern Jury Instructions (Criminal Cases, 2019), unless otherwise noted. The United States respectfully requests that it be granted leave to modify these instructions or propose additional instructions as may be necessary prior to or during trial.

(Continued on the next page.)

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION

*/s/ Alexander Thor Pogozelski*
Alexander Thor Pogozelski
Ethan T. Womble
Edward E. Emokpae
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1100 Commerce Street, 3rd Floor
Dallas, TX 75242
Phone: (202) 510-2208
Alexander.Pogozelski@usdoj.gov

**Proposed Instruction No. 1**

**Preliminary Instructions[1]**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find.

---

[1] Fifth Circuit Pattern Jury Instructions No. 1.01 (Criminal 2019) with the addition of a "Summary of Applicable Law" based on other pattern instructions in light of the complexity of the charges here.

Certain things are not evidence and must not be considered by you.  I will list them for you now.

1.        Statements, arguments, and questions by lawyers are not evidence.

2.        Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.        Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.        Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*, the defendants are presumed innocent until proven guilty. The superseding indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*, the burden of proof is on the government until the very end of the case. The defendants have no burden to prove her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*, the government must prove the defendants' guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

***Summary of applicable law:***

In this case the defendants Jamshid Noryian, Dehshid Nourian, Christopher Rydberg, and Michael Taba are charged with one count of conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349; defendants Jamshid Noryian and Dehshid Nourian are charged with eight counts of health care fraud, and defendant Michael Taba is charged with three counts of health care fraud, all in violation of Title 18, United States Code, Section 1347; defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg are charged with one count of conspiracy to commit

money laundering, in violation of United States Code, Section 1956(h); defendants Jamshid Noryian and Christopher Rydberg are charged with six counts of money laundering, and defendant Dehshid Nourian is charged with five counts of money laundering, all in violation of United States Code, Section 1956(a)(1)(B)(i); and defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg are charged with one count of conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

## Count One: Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349

For conspiracy to commit health care fraud, the government must prove, as to each defendant:

*First*: That two or more persons reached an agreement to commit health care fraud;

*Second*: That the defendant knew of the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

## Counts Two through Nine: Health Care Fraud, 18 U.S.C. §§ 1347 and 2

For health care fraud, the government must prove, as to each defendant:

*First:* That the defendant knowingly and willfully executed or attempted to execute a scheme to defraud a health care benefit program;

*Second:* That the defendant acted with specific intent to defraud a health care benefit program;

*Third:* That the false or fraudulent representations that the defendant used were material; and

*Fourth:* That the operation of the health care benefit program affected interstate commerce.

### Count Ten: Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h)

For conspiracy to commit money laundering, the government must prove, as to each defendant:

*First:* That there was an agreement between two or more persons to commit money laundering;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third:* That the defendant joined the agreement willfully, that is, with the intent to further its unlawful purpose.

### Counts Eleven through Sixteen: Money Laundering, 18 U.S.C. §§ 1956 (a)(1)(B)(i) and 2

For money laundering, the government must prove, as to each defendant:

*First:* That the defendant knowingly conducted or attempted to conduct a financial transaction;

*Second*: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely health care fraud;

*Third:* That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth:* That the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

### Count Seventeen: Conspiracy to Defraud the United States, 18 U.S.C. § 371

For conspiracy to defraud the United States, the government must prove, as to each defendant:

*First*: That the defendant and at least one other person made an agreement to defraud the government or one of its agencies, as charged in the superseding indictment;

*Second*: That the defendant knew that the purpose of the agreement was to defraud the government and joined in it willfully, that is, with the intent to defraud; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

### *Aiding and Abetting (Agency)*

The guilt of a defendant only as to Counts Two through Nine (i.e., health care fraud) and Eleven through Sixteen (i.e., money laundering) may be established without proof that the defendant personally did every act constituting the offense alleged.  The

law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise. If another person is acting under the direction of a defendant, then the law for Counts Two through Nine and Eleven through Sixteen holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct, assuming all the elements of the offense charged as satisfied.

For you to find the defendant guilty of health care fraud or money laundering under the principles of aiding and abetting, the government must prove, as to each defendant:

*First*: That the offense of health care fraud or money laundering was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

*Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.  Please do not talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.  In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.  Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials; search the Internet, websites, or blogs; or use any other electronic tools to obtain information about this case or to help you decide the case.

Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone; through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter; or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### Note Taking by Jurors[2]

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent

---

[2] Fifth Circuit Pattern Jury Instructions No. 1.02 (Alternative B) (Criminal 2019).

recollection of the evidence.  If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

### *Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.  Next, the defendants' attorneys may, but do not have to, make an opening statement.  Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendants may cross-examine them.  Following the government's case, the defendants may, if they wish, present witnesses whom the government may cross-examine.  If the defendants decide to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the Court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

## Proposed Instruction No. 2

### Introduction to Final Instructions[3]

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

---

[3] Fifth Circuit Pattern Jury Instructions No. 1.03 (Criminal 2019).

## Proposed Instruction No. 3

### Duty to Follow Instructions[4]

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

---

[4] Fifth Circuit Pattern Jury Instructions No. 1.04 (Criminal 2019).

## Proposed Instruction No. 4

## Presumption of Innocence, Burden of Proof, Reasonable Doubt[5]

The superseding indictment or formal charge against the defendants is not evidence of guilt.  Indeed, the defendants are presumed by the law to be innocent.  The defendants begin with a clean slate.  The law does not require the defendants to prove their innocence or produce any evidence at all [and no inference whatever may be drawn from the election of the defendants not to testify].

The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[5] Fifth Circuit Pattern Jury Instructions No. 1.05 (Criminal 2019).

## Proposed Instruction No. 5

## Evidence: Excluding What Is Not Evidence[6]

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

---

[6] Fifth Circuit Pattern Jury Instructions No. 1.06 (Criminal 2019).

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## Proposed Instruction No. 6

### Evidence – Inferences – Direct & Circumstantial (Alternative B)[7]

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

---

[7] Fifth Circuit Pattern Jury Instructions No. 1.08 (Criminal 2019).

## Proposed Instruction No. 7

## Credibility of Witnesses[8]

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendants] who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

---

[8] Fifth Circuit Pattern Jury Instructions No. 1.09 (Criminal 2019).

[The testimony of the defendants should be weighed and their credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## Proposed Instruction No. 8

## Character Evidence[9]

Where the defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

---

[9] Fifth Circuit Pattern Jury Instructions No. 1.10 (Criminal 2019). The United States proposes this instruction only if any defendant offers character evidence at trial.

## Proposed Instruction No. 9

## Impeachment By Prior Conviction (Witness Other Than Defendant)[10]

      You have been told that the witness, _____, was convicted in _____

of _____ (e.g., armed robbery). A conviction is a factor you may consider in

deciding whether to believe that witness, but it does not necessarily destroy the witness's

credibility. It has been brought to your attention only because you may wish to consider it

when you decide whether you believe the witness's testimony. It is not evidence of

anything else.

---

[10] Fifth Circuit Pattern Jury Instructions No. 1.13 (Criminal 2019). The United States includes this Instruction to be provided in the event a witness is impeached by a prior conviction.

## Proposed Instruction No. 10

## Impeachment by Prior Inconsistencies[11]

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

---

[11] Fifth Circuit Pattern Jury Instruction No. 1.11 (Criminal 2019). The United States includes this Instruction to be provided in the event a witness is impeached by a prior statement.

## Proposed Instruction No. 11

### Impeachment By Evidence of Untruthful Character[12]

You have heard the testimony of _____. You also heard testimony from others concerning their opinion about whether that witness is a truthful person [the witness's reputation, in the community where the witness lives, for telling the truth]. It is up to you to decide from what you heard here whether _____ was telling the truth in this trial.  In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all other instructions you have been given.

---

[12] Fifth Circuit Pattern Jury Instructions No. 1.14 (Criminal 2019). The United States proposes this instruction only if a witness is impeached by evidence of untruthful character at trial.

**Proposed Instruction No. 12**

**Accomplice – Co-Conspirator – Plea Agreement[13]**

In this case, the government called as witnesses certain alleged accomplices, co-defendants, or co-conspirators with whom the government has entered into plea agreements.  These plea agreements provide for the possibility of certain benefits for these individuals, including binding and non-binding recommendations for favorable sentences.  Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

---

[13] Fifth Circuit Pattern Jury Instructions No. 1.16 (Criminal 2019). Altered to reflect testimony by alleged co-conspirators as well as "co-defendants."

**Proposed Instruction No. 13**

**Rule 702 Opinion Testimony[14]**

During the trial you heard the testimony of _____ (*name of Rule 702 witness*) who expressed opinions concerning _____ (*subject matter*).  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

---

[14] Fifth Circuit Pattern Jury Instructions No. 1.18 (Criminal 2019). Altered to remove the word "Expert" pursuant to the Honorable Sam A. Lindsay's instructions.

## Proposed Instruction No. 14

### In or Around, On or About, or Approximately[15]

You will note that the superseding indictment charges that the offenses were committed on or about specified dates or ranges of dates. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the superseding indictment.

You will note also that the superseding indictment charges various dollar amounts, including claims submitted to the Federal Employee Compensation Act (FECA) program administered by the United States Department of Labor (DOL), Office of Workers' Compensation Programs (OWCP), and Blue Cross Blue Shield (BCBS), as approximate. As with dates, the government does not have to prove with exact certainty any dollar amount alleged in the superseding indictment.

---

[15] Modified from Fifth Circuit Pattern Instruction No. 1.19 (Criminal 2019) to reflect multiple offenses charged in the superseding indictment.

## Proposed Instruction No. 15

## Venue – Conspiracy[16]

The events presented at trial happened in various places.  There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.  An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Dallas and Fort Worth are cities located in the Northern District of Texas.

---

[16] Fifth Circuit Pattern Jury Instructions No. 1.20 (Criminal 2019).

## Proposed Instruction No. 16

## Caution – Consider Only The Crimes Charged[17]

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

---

[17] Fifth Circuit Pattern Jury Instructions No. 1.21 (Criminal 2019).

**Proposed Instruction No. 17**

**Caution – Punishment[18]**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

---

[18] Fifth Circuit Pattern Jury Instructions No. 1.22 (Criminal 2019).

## Proposed Instruction No. 18

## Multiple Defendants – Multiple Counts[19]

A separate crime is charged against one or more of the defendants in each count of the superseding indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

---

[19] Fifth Circuit Pattern Jury Instructions No. 1.25 (Criminal 2019).

**Proposed Instruction No. 19**

**Summaries and Charts Not Received Into Evidence[20]**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

---

[20] Fifth Circuit Pattern Jury Instructions No. 1.50 (Criminal 2019). The United States proposes this instruction only if a summary chart is used at trial for demonstrative purposes only.

## Proposed Instruction No. 20

### Summaries and Charts Received Into Evidence Pursuant to Federal Rule of Evidence 1006[21]

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

---

[21] Fifth Circuit Pattern Jury Instructions No. 1.51 (Criminal 2019).

**Proposed Instruction No. 21**

**Summary Witness Testimony and Charts Based on Other Evidence[22]**

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case.  If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

---

[22] Fifth Circuit Pattern Jury Instructions No. 1.52 (Criminal 2019).

**Proposed Instruction No. 22**

**Cautionary Instruction During Trial – Transcript of Tape-Recorded Conversation[23]**

Exhibits _____ have been identified as a typewritten transcript of the oral conversation and captioned video transcript of the oral conversation which can be heard on the tape recordings received in evidence as Exhibits _____. The transcript and captioned video transcript also purport to identify the speakers engaged in such conversation.

I have admitted the written transcripts and captioned video transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the written transcript and captioned video transcripts correctly or incorrectly reflect the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

---

[23] Fifth Circuit Pattern Jury Instructions No. 1.48 (Criminal 2019).

**Proposed Instruction No. 23**

**"Knowingly"—To Act[24]**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

---

[24] Fifth Circuit Pattern Jury Instructions No. 1.41 (Criminal 2019).

## Proposed Instruction No. 24

### "Willfully"—To Act[25]

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

---

[25] Fifth Circuit Pattern Jury Instructions No. 1.43 (Criminal 2019).

## Proposed Instruction No. 25

## Deliberate Ignorance[26]

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his or her eyes to what would otherwise have been obvious to him or her. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself or herself to the existence of a fact.

---

[26] Fifth Circuit Pattern Jury Instructions No. 1.42 (Criminal 2019).

**Proposed Instruction No. 26**

**Interstate Commerce, Commerce, and Affecting Commerce – Defined[27]**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation, and communication.  Only a minimal effect is required in order to show that the health care benefit program "affected commerce."

---

[27] Fifth Circuit Pattern Jury Instructions Nos. 1.44, 1.46, 1.47 (Criminal 2019).

**Proposed Instruction No. 27**

**Count One:  Conspiracy to Commit Health Care Fraud**
**(18 U.S.C. § 1349)[28]**

Count One of the superseding indictment charges the defendants with violating

Title 18, United States Code, Section 1349, which makes it a crime for anyone to

conspire with someone else to commit certain crimes, including the crime of health care

fraud.

The superseding indictment alleges that from in or about May 2014, through in or

about March 2017, in the Dallas Division of the Northern District of Texas, and

elsewhere, defendants Jamshid Noryian, Dehshid Nourian, Christopher Rydberg, and

Michael Taba did knowingly and willfully combine, conspire, confederate, and agree

with each other, Kevin Williams, Person A, and others to violate 18 U.S.C. § 1347, that

is, to knowingly and willfully devise and execute, or attempt to execute, a scheme or

artifice to defraud health care benefit programs affecting commerce, as defined in 18

U.S.C. § 24(b), that is, the Federal Employee Compensation Act (FECA) program

administered by the United States Department of Labor (DOL), Office of Workers'

Compensation Programs (OWCP), or Blue Cross Blue Shield (BCBS), or to obtain by

means of materially false and fraudulent pretenses, representations, or promises, money

---

[28] *See United States v Willett*, 751 F.3d 335, 339 (5th Cir. 2014) (citing *United Sates v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012)) (discussing the elements of conspiracy to commit health care fraud under 18 U.S.C. § 1349); *United States v. Njoku*, 737 F.3d 55, 68 (5th Cir. 2013) ("Section 371 requires proof of an overt act, which Section 1349 does not."); *Grant*, 683 F.3d at 643 (holding that 18 U.S.C. § 1349 requires an agreement, defendant's knowledge of unlawful purpose, and defendant's willful joining in agreement). Unless otherwise noted in subsequent footnotes within this proposed instruction, the United States adapted its proposed instruction from *United States v. Rao*, No. 19-CR-507, Dkt. 166 at 13 (N.D. Tex. 2022) (Lindsay, J.).

or property owned by, or under the custody and control of, FECA or BCBS, in connection with the delivery of, or payment for, health care benefits, items, or services, in violation of 18 U.S.C. § 1349.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of health care fraud, as charged in the superseding indictment;

*Second:* That the defendant knew of the unlawful purpose of the agreement; and

*Third:* That the defendant joined in it willfully, that is, with the intent to further its unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy, even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme

alleged in the superseding indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

The word "knowingly," as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.[29]

The word "willfully," as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with the bad purpose either to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct violates.[30]

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no

---

[29] Fifth Circuit Pattern Jury Instructions No. 1.41 (Criminal 2019).

[30] 18 U.S.C. § 1347(b) ("With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section."); *see also* Note, Fifth Circuit Pattern Jury Instructions No. 2.59 (Criminal 2019) ("The government does not have to prove that the defendant had actual knowledge of the applicable health care fraud statute or a specific intent to violate it.").

knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

As noted already, the object of the conspiracy charged in Count One is health care fraud, which is a violation of Title 18, United States Code, Section 1347.  I will provide you with instructions concerning Section 1347 later in this Charge, in connection with Counts Two through Nine of the superseding indictment.   You are directed to read the elements of health care fraud as set forth in these counts before you reach a decision as to Count One.  You will observe that I instruct you that the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully with a specific intent to defraud.  An "intent to defraud" means a conscious, knowing intent to deceive someone and to cause loss or harm.  Proving intent to deceive alone, without an intent to cause loss or harm, is not sufficient to prove intent to defraud.  Bear in mind, however, that in considering the conspiracy charge in Count One, the government is not required to prove that the defendant actually committed health care fraud, or that the crime of health care fraud was actually committed by anyone, but only that the defendant conspired to commit health care fraud.[31]

---

[31] Adapted from the conspiracy instruction given in *United States v. Rose et al.*, No. 4:15-CR-344, Dkt. 326 at 23-24, 36-38 (S.D. Tex. 2016 (Werlein, J.), *aff'd sub nom. United States v. Sanders*, 952 F.3d 263 (5th Cir. 2020), and modified to reflect the decision in *United States v. Greenlaw*, -- F. 4th ---, 2023 WL 4856259 (5th Cir. 2023).

**Proposed Instruction No. 28**

**Counts Two through Nine:  Health Care Fraud and Aiding and Abetting Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)[32]**

Counts Two through Nine of the superseding indictment charge some of the defendants with violating Title 18, United States Code, Section 1347, which makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

The superseding indictment alleges that for each count listed in the chart below, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants Jamshid Noryian, Dehshid Nourian, and Michael Taba, aided and abetted by others or aiding and abetting others, in connection with the delivery of, or payment for, health care benefits, items, or services, did knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health care benefit program as defined by 18 U.S.C. § 24(b), that is, FECA or BCBS, or to obtain by means of materially false and fraudulent pretenses, representations, or promises, money or property owned by, or under the custody and control of FECA or BCBS, that is, the defendants submitted, or aided and abetted in submitting, or caused the submission of, false and fraudulent claims to FECA or BCBS, seeking reimbursement for the cost of compound drugs that were not legitimately

---

[32] Fifth Circuit Pattern Jury Instructions No. 2.59 (Criminal 2019).

prescribed, not needed, not used, or induced through the payment of kickbacks and

bribes, with each claim forming a separate count:

| Count | Defendant | Bene-ficiary | RX Number | Approx. Date Filled | Approx. Billed Amount | Approx. Paid Amount | Insurance |
|---|---|---|---|---|---|---|---|
| 2 | **Jamshid Noryian Dehshid Nourian** | M.M. | 948636 | 2/2/2015 | $5,584.48 | $4,693.01 | BCBS |
| 3 | **Jamshid Noryian Dehshid Nourian** | A.G. | 948634 | 2/2/2015 | $5,584.48 | $4,693.01 | BCBS |
| 4 | **Jamshid Noryian Dehshid Nourian** | R.M. | 948617 | 2/2/2015 | $5,584.48 | $4,693.01 | BCBS |
| 5 | **Jamshid Noryian Dehshid Nourian** | M.C. | 948194 | 1/23/2015 | $3,531.22 | $2,845.21 | FECA |
| 6 | **Jamshid Noryian Dehshid Nourian** | L.S. | 952435 | 4/8/2015 | $3,550.01 | $2,860.33 | FECA |
| 7 | **Jamshid Noryian Dehshid Nourian Michael Taba** | R.C. | 957866 | 7/7/2015 | $3,676.42 | $2,860.33 | FECA |
| 8 | **Jamshid Noryian Dehshid Nourian Michael Taba** | L.B. | 956511 | 6/10/2015 | $3,676.42 | $2,860.33 | FECA |
| 9 | **Jamshid Noryian Dehshid Nourian Michael Taba** | J.A. | 957431 | 7/1/2015 | $3,676.42 | $2,860.33 | FECA |

For you to find a defendant guilty of each crime, you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

**Government's Proposed Jury Instructions—Page 44**

*First:* That the defendant knowingly and willfully executed, or attempted to execute, a scheme or artifice (1) to defraud a health care benefit program (FECA or BCBS), **or** (2) to obtain money or property owned by or under the control of a health care benefit program (FECA or BCBS) by means of false or fraudulent pretenses, representations, or promises, in connection with the delivery of, or payment for, health care benefits, items, or services;

*Second:* That the defendant acted with a specific intent to defraud a health care benefit program;

*Third:* That the false or fraudulent pretenses, representations, or promises that the defendant used were material; and

*Fourth:* That the operation of the health care benefit program affected interstate commerce.

The word "knowingly," as used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully," as used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something that the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is

provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service, for which payment may be made under the plan or contract."

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

The government does not have to prove that the defendant had actual knowledge of or specific intent to violate the applicable health care fraud statutes.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation is also "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and other state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required in order to show that the health care benefits program "affected interstate commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution

insured by the FDIC, for example, is sufficient to establish that the activity "affected interstate commerce."

It is not necessary that the government prove all of the details alleged in the superseding indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone.  What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the superseding indictment.

**Proposed Instruction No. 29**

**Count Ten:  Conspiracy to Launder Money and Engage in
Monetary Transactions in Criminally Derived Property
(18 U.S.C. § 1956(h))[33]**

Count Ten of the superseding indictment charges some of the defendants with

violating Title 18, United States Code, Section 1956(h), which makes it a crime for

anyone to conspire with someone else to commit certain crimes, including the crime of

money laundering.

The superseding indictment alleges that from in or about April 2015, through in or

about March 2017, in the Dallas Division of the Northern District of Texas and

elsewhere, defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg did

knowingly combine, conspire, and agree with each other and with others to violate 18

U.S.C. § 1956 and 18 U.S.C. § 1957, that is:

(a) to knowingly conduct or attempt to conduct a financial transaction

affecting interstate commerce or foreign commerce, with the proceeds of specified

unlawful activity, that is, health care fraud, knowing that the transaction was

designed, in whole or in part, to conceal or disguise the nature, location, source,

ownership, or control of the proceeds of specified unlawful activity, and that while

conducting or attempting to conduct such a financial transaction, knew that the

property involved in the financial transaction represented the proceeds of some

form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); or

---

[33]  Fifth Circuit Pattern Jury Instruction No. 2.76C (Criminal 2019).

(b) to knowingly engage or attempt to engage in a monetary transaction within the United States by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, health care fraud.

As I explained earlier, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of money laundering, which I will define for you in a moment;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Again, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy, even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.[34]

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

To prove that a defendant conspired to commit a federal offense, the government must prove that the defendant acted with the same intent required for the commission of that federal offense.  I will separately instruct you on the elements of concealment money laundering in Instruction No. 30, so I will not repeat those elements here. I will explain to

---

[34] *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) (quoting *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006)); *United States v. Trejo*, 610 F.3d 308, 313–14 (5th Cir. 2010) (citations omitted).  The Supreme Court has held that the government need not prove the commission of an overt act to obtain a conviction under the statute.  *See Fuchs*, 467 F.3d at 906 (citing *Whitfield v. United States*, 543 U.S. 209, 214 (2005)).

you the crime of engaging in transactions in proceeds of specified unlawful activity under Title 18, United States Code, Section 1957, as set out in the superseding indictment.[35]

*First:* That the defendant or a co-conspirator knowingly engaged in a monetary transaction;

*Second:* That the monetary transaction was of a value greater than $10,000;

*Third*: That the monetary transaction involved criminally derived property;

*Fourth*: That criminally derived property was derived from specified unlawful activity, namely health care fraud;

*Fifth*: That the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: That the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense.  The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

---

[35] The court need not give an unanimity instruction when a multiple-object conspiracy has been charged. *See United State v. Dillman*, 15 F.3d 384, 391 (5th Cir. 1994) ("When twelve jurors believe beyond a reasonable doubt that the defendant under consideration agreed to achieve an ultimate criminal purpose against the United States, all jurors need not agree on which particular offenses that defendant intended personally to commit as long as there is but one conspiracy that encompasses the particular offenses charged.").

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, or a monetary instrument by, through, or to a financial institution.

For you to find the defendant guilty of conspiracy to commit money laundering, the government does not have to prove that the defendant committed or intended to commit the underlying offenses of concealment money laundering or engaging in transactions in the proceeds of specified unlawful activity himself.  Rather, the government must prove that the defendant reached an agreement with the specific intent that the underlying crime of either concealment money laundering or engaging in transactions in the proceeds of specified unlawful activity be committed by some member of the conspiracy.[36]

---

[36] Fifth Circuit Pattern Jury Instructions No. 2.15A and 2.77 (Criminal 2019).

**Proposed Instruction No. 30**

**Counts Eleven through Sixteen: Money Laundering and Aiding and Abetting Money Laundering**
**(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)[37]**

Counts Eleven through Sixteen of the superseding indictment charge some of the defendants with violating Title 18, United States Code, Section 1956(a)(1)(B)(i), which makes it a crime for anyone to conduct or attempt to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of unlawful activity and that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

The superseding indictment alleges that for each count listed in the chart below, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg, aided and abetted by others or aiding and abetting others, did knowingly conduct or attempt to conduct a financial transaction affecting interstate or foreign commerce, which involved the proceeds of a specified unlawful activity, namely health care fraud, knowing that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, with each transaction forming a separate count:

---

[37] Fifth Circuit Pattern Jury Instructions No. 2.76A (Criminal 2019).

| Count | Defendant | Approximate Date | Description of Transaction |
|---|---|---|---|
| 11 | **Jamshid Noryian**<br>**Dehshid Nourian**<br>**Christopher Rydberg** | January 22, 2016 | Transfer of $3,500,000.00 from Wells Fargo bank account *0302 held in the name of Industrial & Family to JP Morgan Chase bank account *9863 held in the name of Industrial & Family. |
| 12 | **Jamshid Noryian**<br>**Dehshid Nourian**<br>**Christopher Rydberg** | January 27, 2016 | Transfer of $3,500,000.00 from JP Morgan Chase bank account *9863 held in the name of Industrial & Family into JP Morgan Chase bank account *3462 held in the name of Jade and Joy. |
| 13 | **Jamshid Noryian**<br>**Christopher Rydberg** | January 27, 2016 | Transfer of $3,500,000.00 from JP Morgan Chase bank account *3462 held in the name of Jade and Joy into Scottrade investment account *1793 held in the name of Sherri Mofid. |
| 14 | **Jamshid Noryian**<br>**Dehshid Nourian**<br>**Christopher Rydberg** | January 11, 2016 | Transfer of $5,266,000.00 from Prosperity Bank account *9542 held in the name of Ability into JP Morgan Chase bank account *2280 held in the name of Ability. |
| 15 | **Jamshid Noryian**<br>**Dehshid Nourian**<br>**Christopher Rydberg** | January 12, 2016 | Transfer of $5,266,000.00 from JP Morgan Chase bank account *2280 held in the name of Ability into JP Morgan Chase bank account *3462 held in the name of Jade and Joy. |
| 16 | **Jamshid Noryian**<br>**Dehshid Nourian**<br>**Christopher Rydberg** | January 12, 2016 | Transfer of $5,266,000.00 from JP Morgan Chase bank account *3462 held in the name of Jade and Joy into Wells Fargo bank account *6032 held in the name of **Dehshid Nourian**. |

For you to find a defendant guilty of each crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**Government's Proposed Jury Instructions—Page 54**

*First:* That the defendant knowingly conducted or attempted to conduct a financial transaction;

*Second:* That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely health care fraud;

*Third:* That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth:* That the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of health care fraud, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that health care fraud is a felony.

The term "transaction" includes, with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument

or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.[38]

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.[39]

The term "financial institution" includes, among other things, any bank the deposits of which are insured by the Federal Deposit Insurance Corporation, a commercial bank, a broker or dealer registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934, a broker or dealer in securities or commodities, and an investment banker or investment company.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his or her actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.  If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

---

[38] 18 U.S.C. § 1956(c)(3).

[39] 18 U.S.C. § 1956(c)(4).

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

**Proposed Instruction No. 31**

**Count Seventeen: Conspiracy to Defraud the United States**
**(18 U.S.C. § 371)[40]**

Count Seventeen of the superseding indictment charges some of the defendants with violating Title 18, United States Code, Section 371, which makes it a crime for anyone to conspire with someone else to defraud the United States or any agency thereof in any manner or for any purpose.

The superseding indictment alleges that in or around February 2015, in the Dallas Division of the Northern District of Texas and elsewhere, defendants Jamshid Noryian, Dehshid Nourian, and Christopher Rydberg did knowingly and willfully combine, conspire, confederate, or agree with others to defraud the United States by impairing, impeding, obstructing, or defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, or collection of income taxes.

The word "defraud" here is not limited to its ordinary meaning of cheating the government out of money or property; it also includes impairing, obstructing, defeating, or interfering with the lawful function of the government or one of its agencies by dishonest means.

Again, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime," in which each member becomes the agent of every other member.

---

[40]  Fifth Circuit Pattern Jury Instructions No. 2.15B (Criminal 2019).

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to defraud the government or one of its agencies by impeding the Internal Revenue Service's ability to collect income taxes, as charged in the superseding indictment;

*Second*: That the defendant knew that the purpose of the agreement was to defraud the government and joined in it willfully, that is, with the intent to defraud; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the superseding indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or

that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

**Proposed Instruction No. 32**

**Aiding and Abetting (Agency)**
**18 U.S.C. § 2[41]**

The superseding indictment alleges that the defendants aided and abetted the

offenses charged in Counts Two through Nine and Counts Eleven through Sixteen.  The

guilt of a defendant in a criminal case may be established without proof that the

defendant personally did every act constituting the offenses alleged.  The law recognizes

that, ordinarily, anything a person can do for herself may also be accomplished by her

through the direction of another person as her agent, or by acting in concert with, or

under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant

joins another person and performs acts with the intent to commit a crime, then the law

holds the defendant responsible for the acts and conduct of such other persons just as

though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it

is necessary that the accused deliberately associate herself in some way with the crime

and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is

being committed are not sufficient to establish that the defendant either directed or aided

---

[41] *See* Fifth Circuit Pattern Jury Instructions, No. 2.04 (Aiding and Abetting (Agency), 18 U.S.C.
§ 2) (adapted to account for multiple counts).

and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the charged offense was committed by some person;

*Second:* That the defendant associated with the criminal venture;

*Third:* That the defendant purposefully participated in the criminal venture; and

*Fourth:* That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## Proposed Instruction No. 33

## Conspirator's Liability for Substantive Count[42]

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that, during the time the defendant was a member of that conspiracy, another conspirator committed the offenses in Counts Two through Nine in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Two through Nine, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts Two through Nine.

Likewise, if you have first found a defendant guilty of the conspiracy charged in Count Ten and if you find beyond a reasonable doubt that, during the time the defendant was a member of that conspiracy, another conspirator committed the offenses in Counts

---

[42] Fifth Circuit Pattern Jury Instruction No. 2.17 (Criminal 2019). This instruction charges the jury on the *Pinkerton* principle. *Pinkerton v. United States*, 66 S. Ct. 1180, 1184 (1946). The Fifth Circuit has cited Pattern Jury Instruction No. 2.17 with approval.  *See United States v. Gonzales*, 841 F. 3d 339, 350–53 (5th Cir. 2016)); *see also United States v. Thomas*, 348 F.3d 78, 84–85 (5th Cir. 2003).  In *Pinkerton*, the Supreme Court held that conspirators are criminally liable for substantive crimes committed by other conspirators in furtherance of the conspiracy, unless the crime 'did not fall within the scope of the unlawful project, or was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement.' A substantive conviction cannot be upheld solely under *Pinkerton* unless the jury was given a *Pinkerton* instruction." *United States v. Baker*, 923 F.3d 390, 406 (5th Cir. 2019) (internal citations omitted); *see also United States v. Martinez*, 900 F.3d 721, 730 n.7 (5th Cir. 2018).

Eleven through Sixteen in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts Eleven through Sixteen, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts Eleven through Sixteen.

## Proposed Instruction No. 34

### Duty to Deliberate[43]

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the superseding indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

---

[43] Fifth Circuit Pattern Jury Instruction No. 1.26 (Criminal 2019).

The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the superseding indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JAMSHID NORYIAN          (01)
  a.k.a. JAMES NORYIAN

Case No. 3:17-CR-155

**<u>VERDICT OF THE JURY</u>**

We, the Jury, unanimously find the defendant, **JAMSHID NORYIAN**:

**Count One**: Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349)

> Count One:          _____          "Guilty" or "Not Guilty"

**Counts Two through Nine**: Health Care Fraud and Aiding and Abetting (18 U.S.C. §§ 1347 and 2)

> Count Two:          _____          "Guilty" or "Not Guilty"

> Count Three:          _____          "Guilty" or "Not Guilty"

> Count Four:          _____          "Guilty" or "Not Guilty"

> Count Five:          _____          "Guilty" or "Not Guilty"

> Count Six:          _____          "Guilty" or "Not Guilty"

> Count Seven:          _____          "Guilty" or "Not Guilty"

> Count Eight:          _____          "Guilty" or "Not Guilty"

> Count Nine:          _____          "Guilty" or "Not Guilty"

(Continued on the next page.)

**Count Ten**: Conspiracy to Launder Money and Engage in Monetary Transactions in Criminally Derived Property (18 U.S.C. § 1956(h))

      Count Ten:          _____      "Guilty" or "Not Guilty"

**Counts Eleven through Sixteen**: Money Laundering and Aiding and Abetting (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

      Count Eleven:      _____      "Guilty" or "Not Guilty"

      Count Twelve:      _____      "Guilty" or "Not Guilty"

      Count Thirteen:     _____      "Guilty" or "Not Guilty"

      Count Fourteen:     _____      "Guilty" or "Not Guilty"

      Count Fifteen:      _____      "Guilty" or "Not Guilty"

      Count Sixteen:      _____      "Guilty" or "Not Guilty"

**Count Seventeen**: Conspiracy to Defraud the United States (18 U.S.C. § 371)

      Count Seventeen:    _____      "Guilty" or "Not Guilty"

_____ day of _____, 2023.

                           _____
                           Presiding Juror

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

DEHSHID NOURIAN          (02)
  a.k.a. DAVID NOURIAN

Case No. 3:17-CR-155

## **<u>VERDICT OF THE JURY</u>**

We, the Jury, unanimously find the defendant, **DEHSHID NOURIAN**:

**Count One**: Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349)

Count One:          _____          "Guilty" or "Not Guilty"

**Counts Two through Nine**: Health Care Fraud and Aiding and Abetting (18 U.S.C. §§ 1347 and 2)

Count Two:          _____          "Guilty" or "Not Guilty"

Count Three:          _____          "Guilty" or "Not Guilty"

Count Four:          _____          "Guilty" or "Not Guilty"

Count Five:          _____          "Guilty" or "Not Guilty"

Count Six:          _____          "Guilty" or "Not Guilty"

Count Seven:          _____          "Guilty" or "Not Guilty"

Count Eight:          _____          "Guilty" or "Not Guilty"

Count Nine:          _____          "Guilty" or "Not Guilty"

(Continued on the next page.)

**Count Ten**: Conspiracy to Launder Money and Engage in Monetary Transactions in Criminally Derived Property (18 U.S.C. § 1956(h))

      Count Ten:       _____       "Guilty" or "Not Guilty"

**Counts Eleven, Twelve, Fourteen, Fifteen, and Sixteen**: Money Laundering and Aiding and Abetting (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

      Count Eleven:       _____       "Guilty" or "Not Guilty"

      Count Twelve:       _____       "Guilty" or "Not Guilty"

      Count Fourteen:       _____       "Guilty" or "Not Guilty"

      Count Fifteen:       _____       "Guilty" or "Not Guilty"

      Count Sixteen:       _____       "Guilty" or "Not Guilty"

**Count Seventeen**: Conspiracy to Defraud the United States (18 U.S.C. § 371)

      Count Seventeen:       _____       "Guilty" or "Not Guilty"

\_\_\_\_\_ day of _____, 2023.

                            _____
                            Presiding Juror

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER RYDBERG      (03)

Case No. 3:17-CR-155

## <u>VERDICT OF THE JURY</u>

We, the Jury, unanimously find the defendant, **CHRISTOPHER RYDBERG**:

**Count One**: Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349)

Count One:          _____          "Guilty" or "Not Guilty"

**Count Ten**: Conspiracy to Launder Money and Engage in Monetary Transactions in Criminally Derived Property (18 U.S.C. § 1956(h))

Count Ten:          _____          "Guilty" or "Not Guilty"

**Counts Eleven through Sixteen**: Money Laundering and Aiding and Abetting (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

Count Eleven:          _____          "Guilty" or "Not Guilty"

Count Twelve:          _____          "Guilty" or "Not Guilty"

Count Thirteen:          _____          "Guilty" or "Not Guilty"

Count Fourteen:          _____          "Guilty" or "Not Guilty"

Count Fifteen:          _____          "Guilty" or "Not Guilty"

Count Sixteen:          _____          "Guilty" or "Not Guilty"

(Continued on the next page.)

**Verdict of the Jury—Page 5**

**Count Seventeen**: Conspiracy to Defraud the United States (18 U.S.C. § 371)

Count Seventeen: _____       "Guilty" or "Not Guilty"

_____ day of _____, 2023.

_____
Presiding Juror

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 3:17-CR-155

MICHAEL TABA                  (07)

## <u>**VERDICT OF THE JURY**</u>

We, the Jury, unanimously find the defendant, **MICHAEL TABA**:

**Count One**: Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349)

      Count One:     _____     "Guilty" or "Not Guilty"

**Counts Seven, Eight, and Nine**: Health Care Fraud and Aiding and Abetting (18 U.S.C. §§ 1347 and 2)

      Count Seven:     _____     "Guilty" or "Not Guilty"

      Count Eight:     _____     "Guilty" or "Not Guilty"

      Count Nine:     _____     "Guilty" or "Not Guilty"

_____ day of _____, 2023.

               _____
               Presiding Juror